854 F.2d 667
 22 Soc.Sec.Rep.Ser. 614, Unempl.Ins.Rep. CCH 14124A
Gerald RHOTEN, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
Shirley A. BABB, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
James L. SMITH, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
Hazel HUNT, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 Nos. 87-1755, 87-1756, 88-1527 and 88-1528.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 7, 1988.
Decided Aug. 18, 1988.
 
 Martin Douglas Wegbreit, Castlewood, Va. (Client Centered Legal Services of Southwest Virginia, Inc. on brief), for plaintiffs-appellants.
 Ira E. Ziporkin, Office of the General Counsel, Social Sec. Div., Washington, D.C. (Donald A. Gonya, Chief Counsel for Social Sec., Randolph W. Gaines, Deputy Chief Counsel for Social Security Litigation, Rockville, Md., John M. Sacchetti, Chief, Retirement, Survivors and Supplemental Assistance Litigation Branch, Dept. of Health & Human Services, Washington, D.C., John P. Alderman, U.S. Atty. Roanoke, Va., on brief), for defendant-appellee.
 Before WINTER, Chief Judge, and RUSSELL and WILKINS, Circuit Judges.
 WILKINS, Circuit Judge:
 Social security and supplemental security income disability claimants Gerald Rhoten, Shirley A. Babb, James L. Smith, and Hazel Hunt appeal from district court orders denying their applications for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C.A. Sec. 2412 (West 1978 & Supp.1988). We reverse and remand for awards of reasonable fees.
 
 I.
 
 1
 Generally, disability benefits may be terminated when evidence shows that the disability has ceased. 42 U.S.C.A. Sec. 423 (West 1983 & Supp.1988). Prior to 1980, the Secretary of the Department of Health and Human Services would not find that a disability had ceased unless the person's condition had improved since the last determination of disability. Graham v. Heckler, 573 F.Supp. 1573, 1579 (N.D.W.Va.1983) (citing 45 Fed.Reg. 55566, 55568 (1980)). In 1980 the Secretary announced that he had abandoned the medical improvement standard and established a currently disabled standard pursuant to which benefits were terminated if it was found, on the basis of new evidence, that the person was not then disabled. Id. (citing 45 Fed.Reg. 55583).
 
 
 2
 These claimants' disability benefits were terminated by the Secretary in 1982 based on findings under the currently disabled standard that their disabilities had ceased. After pursuing their administrative appeals, the claimants filed actions in district court charging the Secretary with error in applying the currently disabled standard instead of the medical improvement one.
 
 
 3
 Following this policy change, several courts held that the Secretary was required to apply the medical improvement standard. Id.; e.g., Kuzmin v. Schweiker, 714 F.2d 1233 (3d Cir.1983); Simpson v. Schweiker, 691 F.2d 966 (11th Cir.1982); Patti v. Schweiker, 669 F.2d 582 (9th Cir.1982). On October 6, 1983 this court rendered its decision in Dotson v. Schweiker, 719 F.2d 80 (4th Cir.1983), finding that the Secretary's currently disabled standard was improper. We held that an initial determination of disability gives rise to a presumption of continuing disability which the Secretary must rebut with evidence of medical improvement. Id. at 82. All four of the instant cases were remanded to the Secretary for reconsideration in light of this standard.
 
 
 4
 Subsequent to the remands, on October 9, 1984, Congress enacted the Social Security Disability Benefits Reform Act of 1984, partially codifying the Dotson holding.[1] 42 U.S.C.A. Sec. 423(f) (West Supp.1988). While section 423(f) provides that terminations must be based on substantial evidence of medical improvement, it does not establish a presumption of continuing disability. Instead, it provides that such a determination must be made on a neutral basis "without any initial inference as to the presence or absence of disability being drawn from the fact that the individual has previously been determined to be disabled." Id. The Reform Act specifically provides for automatic remand of all requests for judicial review pending on September 19, 1984. Pub.L. No. 98-460, Sec. 2(d), 1984 U.S.Code Cong. & Admin.News (98 Stat.) 1794, 1797.
 
 
 5
 On remand, the claimants' cases were reconsidered under the statutory medical improvement standard and benefits were reinstated. After final judgments were entered, the claimants applied for attorney's fees under EAJA. The district court denied the applications, finding that they were not prevailing parties. The court also found that the Secretary's position in three of the four cases was substantially justified.
 
 II.
 
 6
 The Equal Access to Justice Act provides, in part, that:
 
 
 7
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 8
 28 U.S.C.A. Sec. 2412(d)(1)(A). The Secretary now concedes that his position was not substantially justified in any of the four cases. Further, he does not argue that these cases present any special circumstances which would make awards of attorney's fees unjust. See Anderson v. Heckler, 756 F.2d 1011, 1103 (4th Cir.1985). Thus, the only question presented is whether the claimants are prevailing parties under the statute.
 
 
 9
 As this court recently noted, "[t]he Supreme Court has approved a 'generous formulation' to determine who are prevailing parties: '[P]laintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " Hyatt v. Heckler, 807 F.2d 376, 382 (4th Cir.1986) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)), cert. denied, --- U.S. ----, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987). In Hyatt this court held that terminated claimants who ultimately obtained remands under the Reform Act were prevailing parties. Id. at 381-82. We now hold that these claimants, who obtained remands under Dotson prior to the enactment of the Reform Act, but who ultimately received reinstatement of benefits under provisions of the Reform Act, are prevailing parties.
 
 
 10
 The district court incorrectly determined that the claimants were not prevailing parties because they received their benefits as a result of the new legislation, not their lawsuits. In support of the district court's decision, the Secretary relies on recent decisions of the Seventh and Eighth Circuits which held that claimants who obtained remands and benefits under the Reform Act were not prevailing parties. Hendricks v. Bowen, 847 F.2d 1255 (7th Cir.1988); Truax v. Bowen, 842 F.2d 995 (8th Cir.1988). However, these cases are unpersuasive and directly conflict with this circuit's decision in Hyatt.
 
 
 11
 In Hyatt a class of unsuccessful claimants brought an action against the Secretary challenging the Social Security Administration's policy of declining to apply the law of this circuit to disability claims involving diabetes mellitus, hypertension, and pain. The class also included claimants, similarly situated to those here, whose benefits had been terminated under improper standards. In February 1984 the district court ordered the Secretary to readjudicate all the claims pursuant to circuit precedent including Dotson. Hyatt v. Heckler, 579 F.Supp. 985 (W.D.N.C.1984). The district court also awarded attorney's fees under EAJA. 586 F.Supp. 1154 (W.D.N.C.1984). On appeal this court held that the Reform Act, which had been enacted in the interim, controlled and by its terms provided for remand of all the termination claims. 757 F.2d 1455, 1458 (4th Cir.1985), vacated and remanded sub nom. Hyatt v. Bowen, 476 U.S. 1167, 106 S.Ct. 2886, 90 L.Ed.2d 974 (1986). The award of attorney's fees had been vacated and remanded for further consideration in light of rulings on other issues. 757 F.2d at 1462. However, after further review of unrelated issues on remand from the Supreme Court, this court affirmed the original award of attorney's fees under EAJA, stating: "[T]he claimants have achieved their principal goal of reconsideration of their claims. ... Not all these claimants will ultimately succeed in obtaining benefits. But they have succeeded in having their claims evaluated free of the Secretary's nonacquiescence policy. This result, of course, was the goal of the class action." Hyatt, 807 F.2d at 381-82, aff'g, 586 F.Supp. 1154 (W.D.N.C.1984). The court rejected the Secretary's argument that the subclass of terminated claimants were not prevailing parties because they obtained relief by virtue of the Reform Act and not as a result of a civil action. Id. at 382. Inasmuch as the claimants in Hyatt who received remands pursuant to the Reform Act were prevailing parties, then assuredly, the claimants here also prevailed.
 
 III.
 
 12
 The claimants were successful in obtaining some of the benefits they sought in bringing the actions. In the district court they succeeded on the issue concerning the Secretary's use of an improper standard of review for terminations and obtained a remand for reconsideration under a medical improvement standard. And on remand they obtained reinstatement of their benefits. Thus, ultimately they achieved not only some but all the benefits they sought in bringing suit.
 
 
 13
 It is of little import that the reinstatement of benefits was based on reconsideration under the statutory medical improvement standard, rather than the standard enunciated in Dotson. Since the claimants succeeded under the more stringent statutory standard, it is clear that they would have obtained benefits in the absence of the enactment of the Reform Act.
 
 
 14
 REVERSED and REMANDED.
 
 
 
 [1]
 We note that congressional enactment of the Reform Act was prompted, at least partially, by thousands of other actions similar to those brought by these claimants. Stone v. Heckler, 658 F.Supp. 670, 674 (S.D.Ill.1987)