**Larry E. STRATTON, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 87–0156–L.**

United States District Court,
W.D. Virginia,
Lynchburg Division.

Nov. 22, 1988.

Donald G. Pendleton, Pendleton & Gamble, Amherst, Va., for plaintiff.

Kenneth M. Sorenson, Asst. U.S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

KISER, District Judge.

This matter comes before me to review the Report and Recommendation of United States Magistrate B. Waugh Crigler. The magistrate, in a report dated September 22, 1988, recommends that I reverse the decision of the Secretary of Health and Human Services ("Secretary") concerning the discontinuation of certain disability benefits for the plaintiff, Larry E. Stratton. The Secretary has filed an objection to the magistrate's recommendation and moved for summary judgment. Because I find that substantial evidence supports the Secretary's determination that the plaintiff does not suffer from disabling pain, I hereby sustain the Secretary's decision and grant the Secretary's motion for summary judgment.

### FACTS

The relevant facts of this dispute are as follows: In 1979, the plaintiff, Larry E. Stratton, injured his knee while working at the Lynchburg Foundry. As a result of this 1979 injury, the plaintiff has undergone numerous operations on both knees, the last such operation occurring in 1986. The plaintiff began receiving disability benefits effective January 11, 1981.

In 1986, an administrative review revealed that the plaintiff's physical condition had improved to the extent that the plaintiff could return to work, that the plaintiff's disability effectively had ceased, and that the plaintiff's disability benefits, therefore, would terminate. The plaintiff subsequently requested a hearing on the issue. The hearing took place on March 4, 1987, in the front of Administrative Law Judge George H. Samuels. In a decision dated March 13, 1987, the administrative law judge ("ALJ") confirmed that the plaintiff's disability effectively had ceased in 1986.

The plaintiff appealed the ALJ's determination. On July 27, 1987, the Appeals Council concluded that it had no basis for review of the ALJ's decision. Accordingly, the Appeals Council notified the plaintiff that the ALJ's determination stood as the final decision by the Secretary in the plaintiff's case.

On September 30, 1987, the plaintiff filed suit against the Secretary in this Court seeking a review of the decisions of both the ALJ and the Appeals Council. Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the plaintiff's case to Magistrate Crigler so that he could hear oral argument and make a written report and recommendation. In the ensuing report filed on September 22, 1988, the magistrate recommended that I reverse the Secretary's decision, enter judgment for the plaintiff, and remand this case to the Secretary to calculate the plaintiff's benefits. The Secretary filed a timely objection to the magistrate's recommendation and moved this Court for summary judgment.

### DISCUSSION

Initially, I note in support of his recommendation the magistrate's reliance on *Dotson v. Schweiker*, 719 F.2d 80 (4th Cir. 1983) and *Rhoten v. Bowen*, 854 F.2d 667 (4th Cir.1988). Because the facts of the instant case are factually distinguishable, I feel the magistrate's reliance on *Dotson* and *Rhoten* is misplaced. *Dotson* is merely a burden of proof case holding that a claimant, once declared disabled by the Social Security Administration, is entitled to a presumption of continuing disability that the Secretary must affirmatively rebut. *Dotson*, 719 F.2d at 82–83. *Rhoten* merely discusses § 2(a) of the Social Security Disability Benefits Reform Act of 1984 ("The Act"). *Rhoten*, 854 F.2d at 660. Section 423, which partially codifies *Dotson*, states that a termination of disability benefits must be based on substantial evidence of medical improvement, but also states that such a determination must be made on a neutral basis, "without any initial inference as to the presence or absence of disability being drawn from the fact that the individual has previously been determined to be disabled." 42 U.S.C.A. § 423(f) (West Supp.1988).

In the instant case, unlike *Dotson*, a number of physicians reevaluated the plaintiff in 1986 before the Secretary discontin-

ued the plaintiff's disability benefits. At all times, the Secretary came forward with affirmative evidence that the plaintiff's disability effectively had ceased. Moreover, I can uncover no evidence from the record indicating that the Secretary utilized either a positive or a negative inference from the plaintiff's prior disability determination in the Secretary's most recent decision terminating the plaintiff's benefits. Therefore, I conclude that the Secretary has satisfied the dictates of both *Dotson* and *Rhoten.* The issue I feel I must resolve from the record, however, is whether substantial evidence exists to support the Secretary's conclusion that the plaintiff suffered no disabling pain.

I am cognizant that The Act requires only medical evidence of a condition that could produce the type of pain alleged. 42 U.S.C.A. § 423(d)(5)(A); *Foster v. Heckler,* 780 F.2d 1125, 1129 (4th Cir.1986). I also note, however, that an individuals statement as to pain is not conclusive, and that "objective medical evidence of pain ... must be considered in reaching a conclusion as to whether the individual is under a disability." 42 U.S.C.A. § 423(d)(5)(A). In reviewing the record, I am struck by the tenor of the letters written by the doctors who evaluated the plaintiff in 1986. In all the letters, the dominant theme appears to be that the plaintiff feels he is suffering from more pain than he is in actuality. Dr. James E. Blackburn noted that the plaintiff can arise from a chair and prop himself on a table with no apparent difficulty. Dr. Blackburn also noted that although the plaintiff claims an inability to walk on his tiptoes or his heels, the plaintiff appeared to have no real problem once the doctor encouraged him. Finally, Dr. Blackburn concluded as follows: "I have the distinct impression that he [the plaintiff] considers his knees far more disabled than they are in actuality."

Dr. James B. Jones also evaluated the plaintiff. Dr. Jones noted that the plaintiff had full extension of both his knees, and did not have much difficulty with his knees despite wearing braces on them and walking with a cane. Dr. Jones concluded as follows: "It would appear that the main difficulty [with the plaintiff] is lack of motivation. This man could certainly do a great deal more. He certainly does not require surgery. He could be gainfully employed, but cannot be expected to do work which would require him to be on his feet for long periods of time."

After reviewing the record, especially the doctors' evaluations, and keeping in mind that the ALJ had the best opportunity to evaluate the credibility of the plaintiff and the plaintiff's witnesses, I conclude that substantial evidence supports the Secretary's determination that the plaintiff does not suffer from disabling pain. Therefore, I sustain the Secretary's decision, and grant the Secretary's motion for summary judgment.

The Clerk is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

### ORDER

On December 14, 1987, this Court entered an Order referring this case to the Honorable B. Waugh Crigler, United States Magistrate, for proposed findings of fact and a recommended disposition. The Magistrate filed his Report and Recommendation on September 22, 1988, and on October 7, 1988, the Secretary filed objections thereto. For reasons set forth in the Memorandum Opinion filed contemporaneously herewith, this Court affirms the Secretary's determination. Accordingly, it is this day ADJUDGED and ORDERED that the decision of the Secretary of Health and Human Services is affirmed and summary judgment is hereby entered for the Defendant.