Curtis J. **PERKET**, Plaintiff–Appellee,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
Defendant–Appellant.

No. 89–1574.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 2, 1990.

Decided June 8, 1990.

---

**130**

Richard J. Jason, Marquette, Mich., for plaintiff-appellee.

Donna Morros Weinstein, Chief Counsel, Denise S. Spencer, Richard A. Urbin (argued), Dept. of Health and Human Services, Office of the General Counsel, Region V, Chicago, Ill., Michael L. Shiparski, Asst. U.S. Atty., Grand Rapids, Mich., for defendant-appellant.

Before JONES and MILBURN, Circuit Judges, and RUBIN, District Judge.*

* Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation. Judge Rubin's term as Chief District Judge ended March 15, 1990.

NATHANIEL R. JONES, Circuit Judge.

The Secretary of Health and Human Services ("the Secretary") appeals the district court's award of attorney fees to disability insurance claimant Curtis J. Perket under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (1982). We affirm.

I.

On December 21, 1982, the Secretary notified Perket that based on current medical evidence he was no longer eligible to receive the disability insurance benefits which he had been receiving since December 7, 1973. Perket appealed this determination to Administrative Law Judge ("ALJ") John Roger Corcoran, and on September 8, 1983, ALJ Corcoran concluded that Perket's disability had ceased as of December 1982. Perket was denied review of the ALJ's decision by the Appeals Council. On January 5, 1984, Perket filed the current action in the United States District Court for the Western District of Michigan, Judge Douglas Hillman presiding, seeking judicial review of the Secretary's decision pursuant to 42 U.S.C. § 405(g) (1982).

Perket's original December 7, 1973 disability determination was based on diagnoses of organic brain syndrome, polyarticular gout, alcoholism and polyneuropathy. J.App. at 74. In his September 8, 1983 termination decision, ALJ Corcoran did not find that Perket's medical condition had improved from the time of the original determination of disability. *Id.* at 9–14. At the time of the ALJ's decision, the Secretary had promulgated regulations which interpreted the Social Security Act "as not requiring there to be medical improvement in the claimant's disability before termination." *Trujillo v. Heckler*, 569 F.Supp. 631, 632 (D.Colo.1983). Furthermore, congressional inaction regarding the appropriate standard for termination of benefits had lateralled to the courts the question of

whether a showing of medical improvement was required. *Id.* at 634.

However, in *Haynes v. Secretary of Health and Human Services*, 734 F.2d 284, 288 (6th Cir.1984), this court held that to terminate disability benefits the Secretary must present evidence that the claimant's disability has improved since the original determination of disability. In so holding, we created a "presumption of continuing disability" in termination cases. *Id.* In light of *Haynes*, decided after the filing of his complaint, Perket moved for summary judgment against the Secretary. The Secretary responded with a cross-motion which challenged *Haynes*. It acknowledged that "the Court of Appeals for this circuit has adopted a medical improvement standard and that this Court is bound to apply [*Haynes*]," but it nevertheless contested Perket's summary judgment motion on the ground that no medical improvement standard was applicable to termination cases. *See* Defendant–Appellant's Brief for Summary Judgment at 4. Before the district court reached the merits of these motions, on October 9, 1984, Congress passed the Social Security Disability Benefits Reform Act of 1984 ("DBRA"), Pub.L. No. 98–460, 98 Stat. 1794 (1984). DBRA mandated the remand to the Secretary of disability termination cases pending as of September 19, 1984 for reevaluation under a newly promulgated medical improvement standard. Pub.L. No. 98–460, §§ 2(a) and 2(d)(2)(C), 98 Stat. 1794, 1797–98.[1] After reevaluation pursuant to DBRA, on January 23, 1987, the Secretary notified Perket that it had determined that he was still disabled and reinstated his benefits.

On February 20, 1987, Perket filed a motion for an award of attorney fees pursuant to the EAJA, 28 U.S.C.

§ 2412(d)(1)(A). After briefing and oral argument on Perket's fee petition, the district court granted Perket $1,793.75 in attorney fees in a February 16, 1989 opinion. Although the passage of DBRA and the ultimate restoration of Perket's disability benefits on remand to the Secretary obviated a decision on the merits of Perket's summary judgment motion, the Secretary's non-acquiescence to this court's holding in *Haynes* figured critically in the district court's award of attorney fees to Perket. The district court first determined that Perket was a prevailing party within the meaning of the EAJA because the Secretary actually granted him benefits after remand. *See Perket v. Secretary of Health and Human Services*, Case No. M84–0002CA, February 16, 1988 at 5. The court premised this conclusion on two alternate theories. First, it concluded that Perket's lawsuit could be deemed a "catalyst" for the remand and restoration of benefits under DBRA because "the filing of a lawsuit was a prerequisite to SSDBRA remand." *Id.* at 6–7. Alternatively, Judge Hillman ruled that Perket may be deemed a prevailing party because the restoration of his disability benefits was inevitable in light of this circuit's holding in *Haynes*.

After concluding that Perket was a prevailing party under the EAJA, the district court next addressed whether the Secretary's position was substantially justified. Again noting that *Haynes* was controlling at the time of Perket's motion for summary judgment, the district court held that the Secretary's attempt to re-traverse matters already decided in *Haynes* made its opposition to Perket's motion unjustifiable. *Id.* at 9–10. Accordingly, the district court granted Perket's petition for attorney fees.

---

1. Section 2(a) of DBRA provides in pertinent part: "A recipient of benefits under this title or title XVIII based on the disability of any individual may be determined not to be entitled to such benefits on the basis of a finding that the physical or mental impairment on the basis of which such benefits are provided has ceased, does not exist, or is not disabling only if such finding is supported by

"(1) substantial evidence which demonstrates that—

"(A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and

"(B)(i) the individual is now able to engage in substantial gainful activity...."

Section 2(d)(2)(C) provides for the remand of cases awaiting judicial review as of September 19, 1984 in order to be reevaluated under section 2(a)'s medical improvement standard.

## II.

■ The EAJA provides in pertinent part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, in order to recover attorney fees under the EAJA, three conditions must be met: 1) the plaintiff must be a prevailing party; 2) the government's opposition must be without substantial justification; and 3) no special circumstances warranting denial of fees may exist. Plaintiffs are a "prevailing party" under the EAJA " 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (citations omitted). However, a party's victory need not be obtained by final adjudication of a lawsuit's merits. Rather, "it is enough that the lawsuit acted as a 'catalyst' in prompting defendants to take the desired action." *Citizens Coalition for Block Grant v. City of Euclid*, 717 F.2d 964, 966 (6th Cir.1983). In order for the government's position to be substantially justified under the EAJA, its position must be " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (citations omitted).

■ An award of attorney fees under the EAJA is reviewed for abuse of discretion. *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir.1989) (per curiam). Under this standard, the district court's factual findings are reviewed for clear error, while its legal conclusions are examined *de novo*. *Id.* The Secretary argues that whether Perket is a prevailing party under the EAJA is a legal question subject to *de novo* review. However, insofar as the district court based its prevailing party determination on a finding that Perket's lawsuit was the catalyst for the reinstatement of his disability benefits, such a finding is a factual conclusion subject to review for clear error. *See Citizens Coalition for Block Grant*, 717 F.2d at 967 (district court's judgment regarding "catalytic effect" of organization's efforts in forcing settlement agreement reviewed for clear error).

### A.

■ The Secretary contends on appeal that the district court erred in finding that Perket was a prevailing party under the EAJA. The Secretary argues that Perket's restoration of benefits resulted from DBRA's requirement that all disability termination cases pending as of September 19, 1984 be remanded for redetermination under the statutorily prescribed medical improvement standard. It also maintains that because DBRA modified the criteria for disability determinations based on mental impairments, Perket's restoration of benefits was due at least in part to this changed criteria.[2] According to the Secretary, because passage of DBRA was the proximate cause of Perket's restoration of benefits, and because the district court never reached the merits of Perket's claim, Perket's lawsuit cannot be considered a "catalyst" for the reinstatement of his benefits. In arguing that Perket is not a pre-

---

**2.** Section 5(b) of DBRA ordered revision of the "Mental Disorders" category in the Code of Federal Regulations' "Listing of Impairments." The Secretary fails to show precisely how the changed mental impairments criteria modified its position regarding Perket's continuing disability. Moreover, the Secretary does not demonstrate how, if at all, the revised mental im-

pairments criteria made Perket any more likely to continue to receive benefits than he would have been had the Secretary followed this circuit's ruling in *Haynes*, 734 F.2d 284. Accordingly, this court will focus its attention on the critical issue of DBRA's medical improvement standard.

vailing party, the Secretary relies on cases from the Seventh and Eighth Circuits which hold that when a plaintiff's disability benefits are restored pursuant to remand and reevaluation under DBRA, the plaintiff is not a prevailing party under the EAJA because his suit was not the catalyst for reinstatement of his benefits. *E.g., Truax v. Bowen,* 842 F.2d 995, 997 (8th Cir.1988); *Huett v. Bowen,* 873 F.2d 1153 (8th Cir. 1989); *Hendricks v. Bowen,* 847 F.2d 1255, 1258 (7th Cir.1988); *Shepard v. Sullivan,* 898 F.2d 1267 (7th Cir. April 2, 1990). These circuits, however, are divided as to whether the reinstatement of benefits upon remand pursuant to DBRA automatically disqualifies a plaintiff from receiving an award of attorney fees under the EAJA. Consistent with the district court's "inevitable victory" theory in the instant case, the Eighth Circuit does not foreclose the award of EAJA attorney fees where, absent the fortuitous passage of DBRA, the plaintiff's benefits would have been restored in any event because the Secretary did not follow the law when it determined that the plaintiff was no longer disabled. *See Gowen v. Bowen,* 855 F.2d 613 (8th Cir.1988).

In *Gowen,* the court of appeals reversed the district court's disallowance of EAJA attorney fees to a claimant whose benefits were restored after his case was remanded under DBRA. After reviewing the evidence supporting the Secretary's decision to terminate benefits, the court of appeals concluded that the Secretary terminated Gowen's benefits improperly because there was no evidence that Gowen's original disability had ceased and the Secretary had relied on the meager evidence contained in a single consultative examination report in reaching its conclusion. *Id.* at 616. *See also Hendricks,* 847 F.2d at 1259 (Easterbrook, J., concurring) ("An award [under the EAJA] is both appropriate and necessary when the claimant would have prevailed in his quest for benefits, and would have recovered fees, had the Reform Act [DBRA] never existed"); *Sherman v. Bowen,* 647 F.Supp. 700, 703 (D.Me.1986) (where Secretary misapplied disability guidelines, "[t]he fortuitous enactment of the Social Security Disability Reform Act merely afforded the Secretary an alternative basis upon which to determine that plaintiff was entitled to disability benefits" and would not preclude award of EAJA attorney fees); *Vitale v. Secretary of Health and Human Services,* 673 F.Supp. 1171 (N.D.N.Y.1987) (agreeing with *Sherman*).

We find the inevitable victory approach employed by the district court in the instant case and by other courts to be an appropriate mode of analysis for cases like Perket's. Applying this principle to the instant case, it is clear beyond doubt that Perket would have prevailed in his suit even if DBRA had not been enacted. The *Haynes* court required the Secretary to show medical improvement in a recipient's disability before his benefits could be terminated. The ALJ report on the termination of Perket's benefits is devoid of any evidence of or reference to medical improvement. *See* J.App. at 9–15. Indeed, the Secretary did not argue to the district court that Perket's medical condition had improved, but instead challenged the validity of *Haynes.* Thus, because the inevitability of Perket's victory is apparent, we believe it is appropriate to deem him a prevailing party under the EAJA.

The Secretary objects to the use of the inevitable victory theory because Congress displayed no intent that attorney fees would be awarded in the thousands of cases that would be remanded and reevaluated under DBRA. Furthermore, it argues that deciding the attorney fee question by reference to what would have happened had DBRA never existed violates Article III of the Constitution because the court is not adjudicating a live controversy. The legislative history of DBRA makes no mention of the award of attorney fees. *See Hendricks,* 847 F.2d at 1259; H.R.Rep. No. 618, 98th Cong., 2d Sess. 38–44, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3038, 3074–80. Furthermore, the EAJA was enacted after DBRA, *see* Pub.L. 99–80, 99 Stat. 1984 (Aug. 5, 1985), and evinces no congressional intent to exempt the government from attorney fees liability in cases

remanded under DBRA. *See Hendricks,* 847 F.2d at 1259 (Easterbrook, J., concurring). "The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974). Because repeals by implication are disfavored by courts, *see id.* at 549–50, 94 S.Ct. at 2482, and because the legislative history of DBRA is silent on the question of attorney fees, we conclude that the EAJA applies to cases remanded under DBRA to the same extent it would any other. *Hendricks,* 847 F.2d at 1259 (Easterbrook, J., concurring).

Although the Secretary argues that a court may not examine the merits of a case "mooted out" by DBRA without violating Article III's requirement that courts decide only live controversies, this is precisely what the courts did in *Gowen,* 855 F.2d 613, *Sherman,* 647 F.Supp. 700, and *Vitale,* 673 F.Supp. 1171, in holding that the claimants whose victories were inevitable were entitled to EAJA attorney fees notwithstanding the fortuitous passage of DBRA. In attorney fees cases where the court is prevented from reaching the merits of the underlying cause of action because the defendant succumbs, "no one doubts the authority of the court to address so much of the merits as is necessary to determine whether the plaintiff would have won, had the defendant not, by consenting, prevented it." *Hendricks,* 847 F.2d at 1261 (Easterbrook, J., concurring). The inevitable victory approach used by the district court in the instant case is analogous to civil rights suits where the plaintiff's case is mooted because of intervening events. In such cases, the mootness of the case is not dispositive of the award of attorney fees under the Civil Rights Attorney's Fees Act, 42 U.S.C. § 1988 (1988). *See Grano v. Barry,* 783 F.2d 1104, 1109 (D.C.Cir.1986).

Accordingly, we reject the Secretary's mootness argument and hold that Perket is a prevailing party because his victory was inevitable.

### B.

Even if this court were not inclined to follow the inevitable victory theory, other courts have rejected the Seventh and Eighth Circuit's view that a lawsuit such as Perket's is not the catalyst for the restoration of benefits where the lawsuit's remand was mandated by DBRA. These courts have held that a claimant's lawsuit is a catalyst for the reinstatement of his benefits under DBRA where he would not have been entitled to back-benefits pursuant to section 2(d)(2)(C) of DBRA had his suit not been pending at the time of DBRA's enactment. *See, e.g., Hyatt v. Heckler,* 807 F.2d 376, 382 (4th Cir.1986) (noting that § 2(d)(2)(C) of DBRA required that a request for judicial review be pending in federal court in order for a case to be remanded); *Rhoten v. Bowen,* 854 F.2d 667, 669–70 (4th Cir.1988) (reiterating *Hyatt*); *Robinson v. Bowen,* 679 F.Supp. 1011, 1015 (D.Kan.1988) ("filing of the ... appeal was a prerequisite to the remand and demonstrates the causal link between her [plaintiff's] suit and the favorable redetermination of benefits."), *aff'd,* 867 F.2d 600 (10th Cir.1989). Other courts have held that a plaintiff whose benefits were restored under DBRA is a catalyst because "[i]t is entirely possible that without lawsuits such as plaintiff's, Congress never would have been persuaded to enact the Reform Act, and thus plaintiff, as well as many others, may not have had their disability benefits reinstated." *Vitale,* 673 F.Supp. at 1177.

The Secretary contends that Perket's lawsuit was unnecessary because he could have reapplied for benefits under section 5(c)(3) of the DBRA.[3] Section 5(c)(3)'s option of reapplication was not available to Perket at the time his suit was filed because DBRA had not yet been enacted.

---

3. Section 5(c)(3) of the Act provides: "Any individual with a mental impairment who was found to be not disabled pursuant to an initial disability determination of a continuing eligibility review between March 1, 1981, and the date of the enactment of this Act, and who reapplies

for benefits under title II or XVI of the Social Security Act, may be determined to be under a disability during the period considered in the most recent prior determination. Any reapplication under this paragraph must be filed with-

Given this circumstance, it would be an exercise in casuistry to say that Perket's suit was unnecessary. Had Perket not sought judicial review of the Secretary's final decision, the Secretary's decision would have been *res judicata*. *See Bullyan v. Heckler*, 787 F.2d 417, 420 (8th Cir.1986). Courts that have addressed section 5(c)(3)'s impact on the prevailing party determination have found that a plaintiff is not a prevailing party in light of the section's reapplication option where the plaintiff resorted to the courts *after* the section's enactment. *See Cruz v. Bowen*, 668 F.Supp. 669, 674 n. 5 (D.Utah 1987).

Accordingly, Perket's fulfillment of 2(d)(2)(C) may reasonably be said to be the cause for remand of his claim and restoration of his benefits under DBRA. We therefore hold that Perket's lawsuit was a catalyst for the restoration of his benefits and that Perket is a prevailing party under the EAJA.

### C.

▇ Finally, the Secretary argues that even if this court finds that Perket was a prevailing party, the Secretary's opposition to Perket's summary judgment motion was substantially justified. "For the purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the private litigant, the less 'justified' it is for the government to pursue or persist in litigation." *Spencer v. N.L.R.B.*, 712 F.2d 539, 559 (D.C.Cir.1983), *cert. denied*, 466 U.S. 936, 104 S.Ct. 1909, 80 L.Ed.2d 458 (1984). The clarity of this court's holding in *Haynes* rendered the government's opposition to Perket's summary judgment motion unreasonable. Accordingly, we hold that Perket is entitled to attorney fees under the EAJA.

### III.

For the above reasons, the judgment of the district court is AFFIRMED.

in one year after the date of the enactment of