Joan PETRONE, Plaintiff–Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.

No. 89–55732.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 1990.

Decided June 14, 1991.

rate domiciles, the child's domicile is that of the parent with whom the child lives).

John Ohanian, Los Angeles, Cal., for plaintiff-appellant.

Jerry J. Bassett, Asst. Regional Counsel, San Francisco, Cal., for defendant-appellee.

Before WALLACE, Chief Judge, O'SCANNLAIN and RYMER, Circuit Judges.

PER CURIAM:

Petrone timely appeals from a district court order denying his petition for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). The district court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291. Because we find Petrone is not a prevailing party within the meaning of the EAJA, we affirm.

I

In 1966 and again in 1976, Petrone applied for disability insurance benefits and supplemental security income benefits. She was awarded these benefits and received them until December 1982, when the Secretary of Health and Human Services (Secretary) determined her eligibility had ceased. Petrone appealed to an administrative law judge, who affirmed the Secretary's determination. The appeals council also affirmed, and Petrone then sought judicial review in the district court.

While her case was pending in the district court, Congress enacted the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (Reform Act). The Reform Act required the district court to remand Petrone's case to the Secretary for reconsideration in light of new eligibility standards. *See id.* at 1797–98 (mandating the remand of all actions seeking judicial review of termination decisions relating to "medical improvement" pending on September 19, 1984). Applying the new standards on remand, the Secretary reinstated Petrone's benefits through August 1984. Petrone then timely filed a petition for attorney fees pursuant to the EAJA.

II

The EAJA provides for an award of attorney fees to a prevailing party in a civil action brought against the United States, unless the position of the United States was substantially justified or unless special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The question presented by Petrone's appeal is whether a plaintiff whose victory results from a change in the law is a prevailing party within the meaning of the EAJA. Although an order granting or denying attorney fees under the EAJA is reviewed for an abuse of discretion, the question before us is solely legal, subject to de novo review. *See Kali v. Bowen,* 854 F.2d 329, 331 (9th Cir.1988).

The question has been previously open in this circuit. However, in *Andrew*

v. Bowen, 837 F.2d 875 (9th Cir.1988), we considered a similar issue: whether a plaintiff who settles before final judgment can be a prevailing party. We required a "clear causal relationship" between the litigation and the settlement. *Id.* at 877, *quoting McQuiston v. Marsh,* 790 F.2d 798, 800 (9th Cir.1986). We therefore require a clear causal relationship between Petrone's lawsuit and her reinstatement of benefits.

■ Two theories have been suggested to fulfill the causation requirement. First, Petrone asserts, correctly, that she would not have qualified for mandatory remand if her lawsuit had not been filed. *See* Reform Act, 98 Stat. at 1797. But Petrone did not win reinstatement in the courtroom; she won because Congress changed the law. "[Petrone] was a fortuitous beneficiary, and serendipity is not a reason for rewarding lawyers." *Hendricks v. Bowen,* 847 F.2d 1255, 1259 (7th Cir.1988) (*Hendricks*) (Easterbrook, J., concurring).

Second, she asserts that her lawsuit, and others like it, provided a "catalyst" for congressional action. This contention is far too speculative to receive recognition. There is no record in this case from which we could divine congressional motivations. Even if we assumed that lawsuits such as this one catalyzed the Congress, no clear causal relationship can be shown to this particular suit. Accordingly, we hold Petrone is not a prevailing party within the meaning of the EAJA.

■ Petrone argues that attorney fees may be awarded because, but for the intervention of the Reform Act, she would have been awarded fees; therefore, we should remand for a fee determination hearing. We disagree. We recognize this holding may be inconsistent with *Perket v. Secretary of Health and Human Services,* 905 F.2d 129, 133–34 (6th Cir.1990), *Rhoten v. Bowen,* 854 F.2d 667, 670 (4th Cir.1988), and *Robinson v. Bowen,* 679 F.Supp. 1011, 1014–15 (D.Kan.1988), *aff'd per curiam,* 867 F.2d 600 (10th Cir.1989). We are persuaded, however, by the earlier and better view of the First, Seventh, and Eighth Circuits, rejecting an award of attorney fees

in these circumstances. *See Guglietti v. Secretary of Health and Human Services,* 900 F.2d 397, 400–03 (1st Cir.1990); *Hendricks,* 847 F.2d at 1258; *Truax v. Bowen,* 842 F.2d 995, 997 (8th Cir.1988).

AFFIRMED.

O'SCANNLAIN, Circuit Judge, dissenting:

I respectfully dissent.

## I

As a general rule, disability benefits may be terminated when evidence shows that the disability has ceased. *See* 42 U.S.C. § 423(f). Prior to 1980, the Secretary of the Department of Health and Human Services employed the "medical improvement" standard to make this determination; under this standard, the Secretary would not find that a disability had ceased unless the claimant's condition had improved since the last determination of disability. *Rhoten v. Bowen,* 854 F.2d 667, 668 (4th Cir.1988). In 1980, the Secretary announced that he had abandoned the medical improvement standard and, in its place, established a "current disability" standard pursuant to which benefits were terminated if it was found, on the basis of new evidence, that the person was not presently disabled. *Id.*

Many Social Security disability benefit recipients filed suit in federal courts challenging the new regulations. *See, e.g., Johnson v. Heckler,* 606 F.Supp. 82 (S.D.N.Y.1984); *Turner v. Heckler,* 592 F.Supp. 599 (N.D.Ind.1984); *Graham v. Heckler,* 573 F.Supp. 1573 (N.D.W.Va.1983); *Lopez v. Heckler,* 572 F.Supp. 26 (C.D.Cal.1983). Thereafter, prompted at least partially by these numerous district court actions, Congress enacted the Social Security Disability Benefits Reform Act of 1984 ("Reform Act"). *See Rhoten,* 854 F.2d at 669 & n. 1. The Reform Act did not establish a presumption of continuing disability. However, it did provide that terminations must be based on substantial evidence of medical improvement. In addition, the Reform Act specifically provided for automatic remand

of all requests for judicial review pending on September 19, 1984. *See id.*

Unfortunately, Congress apparently did not consider the relationship between this automatic remand provision and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Needless to say, claimants whose benefits were restored upon remand sought attorney's fees under the EAJA. Courts have since grappled with the question of whether such claimants are "prevailing parties" within the meaning of the EAJA.[1] Three theories have been proposed. Under the first theory, claimants who received benefits as a result of the Reform Act's automatic remand provision can never be prevailing parties, as the "clear causal relationship" between the lawsuit and the relief is lacking. In addition to the majority here, this reasoning has been endorsed by the First Circuit, *see Guglietti v. Secretary of HHS*, 900 F.2d 397 (1st Cir.1990), the Seventh Circuit, *see Hendricks v. Bowen*, 847 F.2d 1255 (7th Cir.1988), and the Eighth Circuit, *see Truax v. Bowen*, 842 F.2d 995 (8th Cir.1988).

The second theory is the obverse of the first; under this view, a claimant may be a prevailing party for purposes of the EAJA simply by bringing the lawsuit that enabled retroactive application of the Reform Act. *See Perket v. Secretary of HHS*, 905 F.2d 129 (6th Cir.1990); *Guglietti*, 900 F.2d at 405–08 (Breyer, J., dissenting). The rationale for this viewpoint was encapsulated by Judge Breyer:

> In my view, the following circumstances make it proper, as a matter of ordinary English usage, as well as a matter of law, to say that the claimant "prevailed" in her legal action. First, she did get the relief she wanted. Second, her legal action was a necessary condition for her obtaining it.... Third, the outside event—the Congressional action—was not an unrelated, extra-judicial event. Rather, Congress acted, in part, because this claimant, and other claimants similarly situated, had filed lawsuits.

*Guglietti*, 900 F.2d at 405 (Breyer, J., dissenting) (citations omitted).

The third theory is an intermediate approach, aptly entitled as the "inevitable victory" theory. *See Perket*, 905 F.2d at 133. Under this theory, a claimant is a prevailing party under the EAJA if she would have otherwise prevailed in the absence of the Reform Act. *Id.; see also Lopez v. Sullivan*, 882 F.2d 1533, 1537 (10th Cir. 1989); *Rhoten*, 854 F.2d at 670; *Hendricks*, 847 F.2d at 1259 (Easterbrook, J., concurring) ("An award is both appropriate and necessary when the claimant would have prevailed in his quest for benefits, and would have recovered fees, had the Reform Act never existed.").

It is this latter approach which I believe we should adopt today. This approach avoids the problem of rewarding lawyers for mere "serendipity." *See Hendricks*, 847 F.2d at 1259 (Easterbrook, J., concurring). However, it also avoids the equally unfortunate result of failing to compensate claimants who have brought meritorious lawsuits. *See id.* at 1261 ("When the EAJA otherwise would have required the government to pay, ... the creation of a new entitlement in the Reform Act should not make the claimants worse off."). Indeed, this approach best harmonizes Congress's objectives in both the Equal Access to Justice Act and the Disability Benefits Reform Act.

## II

In the present case, the district court concluded that a disability claimant who received benefits as a result of passage of the Reform Act could not be a prevailing party under the EAJA. Applying the "inevitable victory" theory, I would remand this case to the district court to determine whether Petrone would have prevailed in the absence of the Reform Act. If so, the district court should next determine whether the government's position was not sub-

---

1. In order to receive attorney's fees under the EAJA, the requester must be a prevailing party, the government's position cannot be substantially justified, and no special circumstances may exist that would make such an award unjust. *See Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1230 (9th Cir.1990).

stantially justified. If both of these inquiries are resolved in Petrone's favor, I believe she should be entitled to attorney's fees under the Equal Access to Justice Act.