UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DELORES B. WHITE,
SSN: 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,
Plaintiff-Appellant,

v.                                                                                     No. 95-2366

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CA-94-167-A)

Submitted: December 12, 1995

Decided: August 6, 1996

Before WILKINSON, Chief Judge, and NIEMEYER and
MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Randall Lowe, TATE, LOWE & ROWLETT, P.C., Abingdon,
Virginia, for Appellant. Charlotte Hardnett, Chief Counsel, Marga-
ret J. Krecke, Assistant Regional Counsel, Office of General Coun-
sel, DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Philadelphia, Pennsylvania; Robert P. Crouch, Jr., United States

Attorney, Julie M. Campbell, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Delores B. White appeals the district court's order affirming the Commissioner's determination that her entitlement to Supplemental Security Income and Disability Insurance Benefits ended on August 16, 1993. In support of her appeal, White contends that the Commissioner's decision regarding the date of termination of her disability was not supported by substantial evidence. White also objects to the weight the administrative law judge (ALJ) assigned to the residual functional capacity form completed by Dr. McIlwain, White's treating physician. Additionally, White protests the ALJ's characterization of White's complaints of pain. This court, like the district court, will uphold the Commissioner's disability determination if it is supported by substantial evidence. 42 U.S.C. § 405(g) (1988); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987); see Richardson v. Perales, 402 U.S. 389, 401 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Likewise, the Commissioner's termination of benefits must be based on substantial evidence of medical improvement. 42 U.S.C.A. § 423(f)(1) (West Supp. 1995); Rhoten v. Bowen, 854 F.2d 667, 669 (4th Cir. 1988). Because substantial evidence supports the ALJ's findings and the Commissioner's determination, we affirm the district court's order.

In a disability case, the ALJ must consider objective medical facts and opinions and the diagnoses of treating and examining doctors, which constitute a major part of the proof in disability cases. McLain v. Schweiker, 715 F.2d 866, 869 (4th Cir. 1983). Here, there is no question but that White sustained significant injuries in a 1991 auto-

2

mobile accident. As a result of the accident, the ALJ found that White suffered from "a severe musculoskeletal impairment [of] the right lower extremity." Nonetheless, the ALJ determined that by August 16, 1993, White had experienced sufficient medical improvement to apply the Medical-Vocational Guidelines, 20 C.F.R.§ 404 Subpart P, App. 2 (1995), to classify her as "not disabled."

The attending physicians rule requires that "the opinion of a claimant's treating physician be given great weight and may be disregarded only if there is persuasive contradictory evidence." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). White claims that the ALJ gave Dr. McIlwain's responses on the residual functional capacity form inappropriate weight and failed to evaluate the symptoms, signs, and laboratory findings associated with the impairment to determine that she had ceased to be disabled because of medical improvement. See 20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1)(i) (1995). The record contains virtually no medical evidence other than Dr. McIlwain's continuing evaluation of White's condition. Dr. McIlwain's notes show that White continued to improve over the course of her treatment. His final contribution to the record, the residual functional capacity form, reflected his opinion that White could perform the equivalent of sedentary work. Because Dr. McIlwain's notes are descriptive of White's symptoms, signs, and laboratory findings, and because the record does not contain persuasive contradictory evidence regarding White's improvement, the ALJ relied on substantial evidence in concluding that White could perform sedentary work.

If, as here, an ALJ finds complaints of pain or the magnitude of pain to be incredible, the ALJ must give specific reasons for the finding. Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985). To discount White's reports of pain, the ALJ relied particularly on Dr. McIlwain's evaluation of White's functional capacity and her gradual but continuing recovery. The ALJ noted White's testimony regarding the extent of her daily activities. The ALJ also considered the relative absence of pain medication to combat White's reports of pain. These are sufficiently specific reasons for the ALJ's finding that White did not possess nonexertional limitations. Consequently, the ALJ's application of the Medical-Vocational Guidelines to conclude that White was "not disabled" was supported by substantial evidence. See 20 C.F.R. § 404, Subpart P, App. 2, Rules 201.28 & 201.29 (1995).

3

Accordingly, we affirm the district court's order granting summary judgment in favor of the Commissioner.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4