# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANCHISE TAX BOARD OF THE
STATE OF CALIFORNIA,
Appellant,
vs.
GILBERT P. HYATT,
Respondent.

No. 80884

FILED

APR 23 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court judgment and post-judgment order denying attorney fees and costs. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

In October 1991, and on the eve of receiving substantial licensing fees from several patents, respondent Gilbert P. Hyatt moved from California to Nevada. Appellant Franchise Tax Board of the State of California (FTB) subsequently audited Hyatt's 1991 California tax return and initially determined that Hyatt did not move to Nevada until April 1992. FTB assessed a deficiency and imposed fraud penalties against Hyatt for the 1991 and 1992 tax years, totaling over $13 million. In 1998, Hyatt sued FTB in Nevada state court alleging that FTB committed multiple intentional torts while conducting its tax audit; over 20 years of litigation ensued.

Early in the litigation, FTB petitioned for writ relief from this court, seeking a mandate that it had sovereign immunity from suit in Nevada. We denied the petition based on a United States Supreme Court case, *Nevada v. Hall*, 440 U.S. 410, 411-12, 421 (1979), *overruled by Franchise Tax Bd. of Cal. v. Hyatt*, ___ U.S. ___, 139 S. Ct. 1485 (2019) (*Hyatt III*). FTB sought review of these same claims in the Supreme Court,

21-11701

which also denied FTB sovereign immunity based on *Hall*. *Franchise Tax Bd. of Cal. v. Hyatt*, 538 U.S. 488, 489 (2003) (*Hyatt I*) (holding that Nevada need not credit California's immunity laws under the Full Faith and Credit Clause). At that point, FTB made an offer of judgment to Hyatt for $110,000 inclusive of all interest, costs, and fees.

Hyatt declined FTB's offer and recovered a verdict at trial for $388 million in damages. But after an appeal to this court and two additional writs of certiorari to the Supreme Court, FTB obtained reversal of *Hall* and, with it, immunity from civil suit in Nevada. *Hyatt III*, ___ U.S. at ___, 139 S. Ct. at 1492 (overruling *Hall* and holding that "States retain their sovereign immunity from private suits brought in the courts of other States"). On final remand from the Supreme Court and this court, the district court entered judgment for FTB and found that neither party was entitled to costs under NRS 18.005 and NRS 18.020 as the prevailing party in the action, based on mixed results throughout more than two decades of litigation. The court further found that FTB could not recover post-offer-of-judgment costs or attorney fees under NRCP 68 and NRS 17.115 upon applying the *Beattie v. Thomas* factors. 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983). FTB appeals and seeks costs from the inception of the litigation under NRS Chapter 18 and attorney fees (and costs, in case its NRS Chapter 18 argument fails) from the time its offer of judgment expired. We reverse the district court's denial of costs under NRS Chapter 18 but affirm the court's discretionary denial of attorney fees under NRCP 68 and NRS 17.115.[1]

---

[1]The 2015 Legislature repealed NRS 17.115, 2015 Nev. Stat., ch. 442, § 41, at 2569, then reenacted it in revised form in 2019 as NRS 17.117. This

## I.

The district court's denial of FTB's statutory costs is subject to de novo review because it implicates a question of law—whether FTB fits the definition of "prevailing party" under NRS 18.020. *Golightly & Vannah, PLLC v. TJ Allen, LLC*, 132 Nev. 416, 422, 373 P.3d 103, 106-07 (2016). NRS 18.020(3) provides that "[c]osts must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered, in . . . an action for the recovery of money or damages, where the plaintiff seeks to recover more than $2,500." A party prevails in an action "if it succeeds on any significant issue in litigation"; it need not prevail on all claims to be the prevailing party. *Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev. 80, 90, 343 P.3d 608, 615 (2015) (emphasis omitted) (quoting *Valley Elec. Ass'n v. Overfield*, 121 Nev. 7, 10, 106 P.3d 1198, 1200 (2005)). And a defendant who achieves dismissal of a claim with prejudice may qualify as a prevailing party under this standard. *145 East Harmon II Tr. v. Residences at MGM Grand – Tower A Owners' Ass'n*, 136 Nev. 115, 120, 460 P.3d 455, 459 (2020).

Here, FTB lost every round except the last on its sovereign immunity defense. But, in the final round, it won dismissal of all Hyatt's claims, despite Hyatt's success in prior phases of litigation. *Hyatt III*, ___ U.S. at ___, 139 S. Ct. at 1492, 1499. Hyatt argues that FTB is a fortuitous beneficiary of an intervening change in federal law, not a true prevailing

---

order cites NRS 17.115 (2005) (enacted as 2005 Nev. Stat., ch. 58, § 1, at 117) as the relevant amendment to this appeal because FTB made its offer of judgment in 2007. Similarly, the version of NRCP 68 in effect at the time of the offer, *see* NRCP 68 (2005), applies to this appeal, not the version adopted in 2019 as part of the amendments to the Nevada Rules of Civil Procedure that took effect on March 1, 2019.

SUPREME COURT
OF
NEVADA

(O) 1947A

party. *See Petrone v. Sec'y of Health & Human Servs.*, 936 F.2d 428, 430 (9th Cir. 1991) (holding that appellant was not a prevailing party because she was a "fortuitous beneficiary" of a congressional act and did not "win . . . in the courtroom" (quoting *Hendricks v. Bowen*, 847 F.2d 1255, 1259 (7th Cir. 1988) (Easterbrook, J., concurring))); *Eberle v. State ex rel. Nell J. Redfield Tr.*, 108 Nev. 587, 590, 836 P.2d 67, 69 (1992) (holding that there was no prevailing party because the legislature rendered pending issues on appeal moot and ended litigation in respondents' favor). But unlike these cases, on which Hyatt relies, FTB did not prevail based on a serendipitous change to decisional law unrelated to its litigation. Rather, FTB twice petitioned the Supreme Court for a writ of certiorari seeking reversal of *Hall*; without those petitions, the Court would not have overruled its longstanding precedent, and Hyatt's judgment would still stand. True, a change in the law intervened, but it was not a "fortuitous" one. *Petrone*, 936 F.2d at 430 (quoting *Hendricks*, 847 F.2d at 1259). FTB caused the change in federal law that it benefited from, and therefore, that change of law does not divest FTB of its prevailing party status. Accordingly, we conclude that FTB is entitled to costs under NRS 18.020(3) as a matter of right. *Smith v. Crown Fin. Servs. of Am.*, 111 Nev. 277, 287, 890 P.2d 769, 775 (1995) (holding that the court must award costs to the prevailing party under NRS 18.020(3) "as a matter of right").

## II.

The district court also denied FTB's request for both post-offer costs and attorney fees under NRCP 68 (2005) and NRS 17.115 (2005). As to the district court's denial of post-offer costs, it is likewise reviewable de novo as a question of law. *Overfield*, 121 Nev. at 9, 106 P.3d at 1199. However, the district court's denial of post-offer attorney fees is

discretionary, and its decision will stand absent "clear abuse." *Laforge v. State, Univ. & Cmty. Coll. Sys. of Nev.*, 116 Nev. 415, 423, 997 P.2d 130, 136 (2000).

At the time of FTB's offer in 2007, NRCP 68(a) provided that "[a]t any time more than 10 days before trial, any party may serve an offer in writing to allow judgment to be taken in accordance with its terms and conditions." Under that rule, if the offeree rejects the offer and fails to obtain a more favorable result, "the offeree *shall* pay the offeror's post-offer costs . . . and reasonable attorney's fees, *if any be allowed*, actually incurred by the offeror from the time of the offer." NRCP 68(f)(2) (emphasis added). And as written at the time relevant to this appeal, NRS 17.115(4) provided:

> [I]f a party who rejects an offer of judgment fails to obtain a more favorable judgment, the court:
>
> . . .
>
> (c) *Shall order* the party to pay the taxable costs incurred by the party who made the offer; and
>
> (d) *May order* the party to pay to the party who made the offer . . .
>
> (3) *Reasonable attorney's fees* incurred by the party who made the offer for the period from the date of service of the offer to the date of entry of the judgment.

(Emphasis added).

Rule 68 and NRS 17.115 can be interpreted harmoniously and still given full effect. *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 422, 132 P.3d 1022, 1030-31 (2006). And in *Gunderson v. D.R. Horton, Inc.*, this court interpreted Rule 68(f)(2) together with NRS 17.115(4) to hold that, where an offeree rejects and fails to better its opponent's offer of judgment, an award of post-offer costs is mandatory, while an award of post-offer attorney fees is discretionary. 130 Nev. 67, 80-81, 319 P.3d 606, 615 (2014). Hyatt

SUPREME COURT
OF
NEVADA

(O) 1947A

failed to better FTB's $110,000 offer when the Supreme Court reversed judgment in his favor for lack of jurisdiction. *Hyatt III*, ___ U.S. at ___, 139 S. Ct. at 1499. FTB is therefore alternatively eligible for mandatory post-offer costs under Rule 68 and NRS 17.115(4), though such an award is redundant based on our holding that FTB is entitled to costs dating back to the inception of the litigation under NRS 18.020(3).[2]

The question of the district court's denial of FTB's attorney fees under these same sections remains. The trial court looks to four factors to determine whether post-offer fees are appropriate when the offeree fails to obtain a more favorable result:

> (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendant's offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

---

[2]FTB does not argue that its post-offer costs under NRCP 68 and NRS 17.115 include sums not also allowed under NRS Chapter 18. *But see Frazier v. Drake*, 131 Nev. 632, 645 n.11, 357 P.3d 365, 374 n.11 (Ct. App. 2015) (declining to address whether respondents could recover dollar-for-dollar expert witness fees under NRCP 68 and NRS 17.115(4)(d)(1) without the limitations of NRS 18.005(5) because they failed to raise the argument in their answering brief). So, FTB has waived this argument, and we will not consider FTB's post-offer costs beyond those allowed under NRS 18.020(3) and NRS 18.005. *Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) (holding that an issue not raised and argued in the appellant's opening brief is deemed waived); *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (holding that a point not urged in the trial court is deemed waived); Appellant's Opening Brief at 28 n.7 ("This [post-offer costs], of course, is in the alternative to Hyatt's liability to pay all FTB's costs under NRS 18.020.").

*Beattie*, 99 Nev. at 588-89, 668 P.2d at 274. The parties agreed to evaluate and determine FTB's eligibility for fees before determining the amount, so the court did not evaluate the final *Beattie* factor. *See Frazier v. Drake*, 131 Nev. 632, 644, 357 P.3d 365, 373 (Ct. App. 2015) (holding that where the good-faith factors all weigh in favor of the offeree, the fourth factor becomes irrelevant). But otherwise, the district court analyzed each factor in kind to find that Hyatt pleaded and pursued his claims in good-faith reliance on *Hall* and reasonably rejected FTB's offer.

At the time of the offer, FTB's sovereign immunity defense had already failed in this court and the Supreme Court. And even assuming FTB's offer was reasonable and made in good faith, Hyatt's rejection of that offer was reasonable—at that point in the litigation, this court and the Supreme Court had also both declined to apply Nevada's statutory damages caps of $50,000 per claim to FTB, leaving Hyatt with unencumbered potential recovery. Accordingly, it was within the district court's discretion to find that Hyatt acted reasonably by declining FTB's $110,000 offer as settlement of his eight tort claims, and we will not disturb this sound finding.

III.

Finally, Hyatt argues that this court may affirm the district court's denial of statutory costs as a matter of equity. Hyatt claims that FTB has unclean hands for waiting to raise its defense under *Hall* until it exhausted its Nevada appeals, or alternatively, because it committed intentional torts during Hyatt's audit. Hyatt's equitable framing aside, he argues that this court should exercise its discretion to deny costs and fees because it is, in his view, fair. This is a consideration federal courts have weighed under FRCP 54(d) (governing awards of costs and attorney fees to

the prevailing party in federal court). But unlike FRCP 54(d), which affords such discretion in awarding costs to a prevailing party, costs are mandatory under NRS 18.020 (stating that "[c]osts must be allowed of course" to the prevailing party). *Compare Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012) (holding that an award of costs under FRCP 54(d) is discretionary), *with Beattie*, 99 Nev. at 588 n.5, 668 P.2d at 274 n.5 (noting that Nevada has not adopted FRCP 54(d) and instead adopted NRS 18.020, under which costs are mandatory instead of discretionary). Hyatt's reliance on equity under the analogous federal rule cannot override the Nevada statute's plain language. *See Young v. Nev. Gaming Control Bd.*, 136 Nev. Adv. Op. 66, 473 P.3d 1034, 1036 (2020) (noting limited exceptions to doctrine that the express terms of a statute control). We therefore affirm the district court's denial of FTB's attorney fees under NRCP 68 and NRS 17.115, reverse the district court's denial of costs, and remand for further proceedings consistent with this order.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
     Silver

_____, J.
     Pickering

_____, J.
     Herndon

cc:    Hon. Tierra Danielle Jones, District Judge
       McDonald Carano LLP/Las Vegas
       Lemons, Grundy & Eisenberg
       Hutchison & Steffen, LLC/Las Vegas
       Kaempfer Crowell/Las Vegas
       Eighth District Court Clerk