Jose L. **MENDEZ**

v.

Louis W. **SULLIVAN, M.D., Secretary of Health and Human Services.**

Civ. A. No. 83–4871.

United States District Court,
E.D. Pennsylvania.

March 17, 1992.

Eric Fischer, Thomas D. Sutton, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Margaret Heckler by Edward S.G. Dennis, Steven J. Engelmyer, Marilyn May, Asst. U.S. Attys., Philadelphia, Pa., for defendants.

## ORDER

DITTER, District Judge.

AND NOW, this 16th day of March, 1992, defendant is hereby ordered to pay attorney's fees in the amount of $3,186.14, to Community Legal Services, Inc., within thirty days.

In conjunction with this order, I make the following findings:

1. Plaintiff, Jose L. Mendez, was found eligible for Social Security Disability benefits beginning May 10, 1967.

2. In July, 1982, defendant, Secretary of Health and Human Services, determined Mendez's disability had ceased and terminated his benefits. Mendez pursued his administrative remedies without success.

3. On October 7, 1983, Mendez appealed to this court for a reversal of the Secre-

tary's termination, or in the alternative, remand for a new hearing.

4. Magistrate Judge Edwin E. Naythons filed a Report and Recommendation on June 12, 1984. He recommended I reverse the ALJ's approval of the Secretary's decision and retroactively reinstate Mendez's benefits. Magistrate Judge Naythons found the ALJ had ignored controlling caselaw.[1] He further found the ALJ "made conclusionary findings not supported by the record, and in addition relied upon his own judgments in reaching his evidentiary conclusions." Report and Recommendation at 10. The Secretary did not file objections to this Report.

5. While my decision was pending, Congress passed the Social Security Disability Benefits Reform Act ("DBRA") of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (1984). The DBRA required remand to the Secretary of all disability termination cases pending as of September 19, 1984, for reevaluation under a new medical improvement standard. Pub.L. No. 98–460, §§ 2(a) and 2(d)(2)(C), 98 Stat. 1794, 1797–98. Accordingly, I remanded Mendez's case on December 7, 1984.

6. After reevaluation, on July 22, 1987, the Secretary notified Mendez it had determined he was still disabled and reinstated his benefits.

7. On January 8, 1992, the Secretary and Mendez filed a joint stipulation dismissing this action, stating that Mendez had "received a fully favorable decision following Court-ordered remand."

8. That same day, Mendez moved for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

9. The EAJA, 28 U.S.C. § 2412(d)(1)(A) states that:

a court shall award to a prevailing party other than the United States fees and

other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

10. The government has the burden of proving substantial justification. *See Washington v. Heckler,* 756 F.2d 959, 961 (3d Cir.1985); *Dougherty v. Lehman,* 711 F.2d 555, 561 (3d Cir.1983). The Secretary made no effort to meet this burden, but in any case, I do not find the government's position was substantially justified.

11. The Secretary does not argue special circumstances would make an award unjust.

12. The Secretary contests Mendez's motion for attorney's fees instead on the grounds that 1) the motion was not timely filed, 2) Mendez is not a "prevailing party" under the EAJA, and 3) Mendez's requested cost-of-living increase uses the wrong index.

*Mendez's Motion was Timely Filed*

13. To obtain "fees or other expenses" under the EAJA, a party must submit its application to the court "within thirty days of final judgment in the action." § 2412(d)(1)(B).

14. The Secretary contends Mendez should have measured thirty days from my December 7, 1984 remand. He claims the instant motion, filed more than seven years after that "final judgment," is untimely and barred.

■ 15. I reject the Secretary's argument that my 1984 remand was a final judgment. When I remanded the case to the Secretary, I did not affirm, modify, or reverse the Secretary's decision, as the Social Security Act, 42 U.S.C. § 405(g), con-

---

1. *Kuzmin v. Schweiker,* 714 F.2d 1233, 1237 (3d Cir.1983), stated that in benefits termination cases, "once the plaintiff has introduced evidence that his or her condition remains essentially the same as it was at the time of the earlier determination, the plaintiff is entitled to the benefit of a presumption that his or her condition remains disabling.... [T]he Secretary must [then] present evidence that there has

been sufficient improvement in the plaintiff's condition to allow the plaintiff to undertake gainful activity." Magistrate Judge Naythons found the Secretary had failed to show substantial evidence to rebut this presumption, and that the ALJ had made erroneous conclusions and inferences from the testimony of record. Report and Recommendation at 10–11.

templates in sentence four. *See Damato v. Sullivan*, 945 F.2d 982, 987 (7th Cir.1991) (remand order which neither affirmed, modified, nor reversed the Secretary cannot be a "final judgment" for EAJA purposes). Nor did I issue a fir..i judgment order with this remand.

16. The Secretary's efforts to label my remand a sentence four remand under 42 U.S.C. § 405(g) are unpersuasive. I recognize that *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 2164, 115 L.Ed.2d 78 (1991), held there were only two kinds of remands under 42 U.S.C. § 405(g): sentence four remands, which *accompany* a judgment on the Secretary's decision; and sentence six remands, which concern new evidence. The first type are final judgments and trigger the 30–day EAJA period; the second type are not. *See id.* But my remand was neither of those. *Melkonyan* did not consider how to classify *automatic* remand provisions of other Congressional acts. The circuits' various responses will be discussed *infra,* but for purposes of timeliness, I will not hold my automatic remand under the DBRA was a final judgment.[2]

17. No final judgment in this action was issued until January 8, 1992, when the parties filed a stipulation dismissing the case from this court. 28 U.S.C. 2412(d)(2)(G) includes orders of settlement in its definition of "final judgment." The parties' dismissal must also be included.

18. The 30–day EAJA period therefore began to run on January 8, 1992. Mendez filed his motion for attorney's fees on that same day and his application was therefore timely.

*Mendez was a Prevailing Party*

19. The Secretary also argues Mendez was not a prevailing party permitted to collect attorney's fees. I disagree.

20. There are two tests for determining whether plaintiffs are "prevailing parties" under the EAJA. The first is whether they achieved " 'some of the benefit sought' ... [in] bringing the suit." *Institutionalized Juveniles v. Sec. of Pub. Wel.,* 758 F.2d 897, 910 (3d Cir.1985) (footnotes omitted).

21. Mendez obtained *all* of the benefit he sought in bringing suit, including reinstatement of his disability payments and reimbursement.

22. The second test, more appropriate when judgment is not on the merits, as here, is that plaintiffs' litigation "constituted a material contributing factor in bringing about the events that resulted in the obtaining of the desired relief." *Id.* at 916, quoting *Sullivan v. Commonwealth of Pennsylvania Dep't of Labor and Industry,* 663 F.2d 443, 452 (3d Cir.1981).

23. The Secretary contends the "event" which proximately caused Mr. Mendez's relief is the DBRA, since that Act ordered remand for re-consideration under the new criteria. The Secretary claims Mendez's lawsuits did not "materially contribute" to that Act or the reinstatement of his benefits.

24. I do not agree. While the Third Circuit has not yet ruled whether the DBRA's automatic remand provision precludes a litigant from becoming a prevailing party, several circuits have ruled that the best way to resolve this question is to ask whether, absent the intervening legislation, the plaintiff would have prevailed. *See, e.g., Perket v. Sec'y of HHS,* 905 F.2d 129, 133 (6th Cir.1990); *Robinson v. Bowen,* 867 F.2d 600 (10th Cir.1989); *Petrone v. Sec'y of HHS,* 936 F.2d 428, 431 (9th Cir. 1991) (O'Scannlain, J., dissenting), *cert. de-*

---

**2.** Even if my 1984 order were considered a remand under sentence four, I would not now hold Mendez responsible for knowing it would be a final judgment triggering the 30–day EAJA period. First, since *Melkonyan* itself did not concern sentence four remands, its labeling them final judgments was dicta and need not be applied retroactively here. *See Santiago v. Sullivan,* 783 F.Supp. 223 (E.D.Pa.1992) (McGlynn, J.); *Sykes v. Sullivan,* 779 F.Supp. 29 (E.D.Pa.

1991) (Newcomer, J.). Second, until *Melkonyan,* the Third Circuit had held that fee applications following a remand order were premature since it could not yet be determined who was a "prevailing party." *See Brown v. Sec'y of Health and Human Services,* 747 F.2d 878, 883 (3d Cir.1984). I hold Mendez was entitled to rely on this ruling and I would not now bar his fee application based on a shift he could not have predicted.

*nied,* —— U.S. ——, 112 S.Ct. 1161, 117 L.Ed.2d 409 (1992).[3] *See also Neff v. Bowen,* 1988 WL 21964 at *1-2 1988 U.S.Dist. LEXIS 1776 at 5 (E.D.Pa. Mar. 2, 1988) (Troutman, S.J.).

25. The advantage of this "inevitable victory approach" is that it neither gives attorneys windfall fees, just for having sued before the DBRA was passed, nor deprives them of fees which are rightfully theirs, but for the Act's fortuitous passage.

26. Using the inevitable victory approach, I find Mendez was surely a prevailing party. Magistrate Judge Naythons had already recommended outright reversal of the Secretary's decision, saying the ALJ had not followed the law in finding Mendez was no longer disabled.[4] Moreover, the Secretary never filed objections to the Magistrate's Report! It is highly likely that absent the DBRA, Mendez would have had his benefits reinstated. His attorneys should not lose their fees just because Congress happened to pass the DBRA in the middle of the suit.

27. Even if the inevitable victory approach were not appropriate, I would still find Mendez's suit "materially contributed" to his reinstatement of benefits. Had he not filed the suit, he could not have benefitted from the DBRA's remand whatever the circumstances. *See e.g., Perket, supra* at 134; *Guglietti v. Sec'y of HHS,* 900 F.2d 397, 405-08 (1st Cir.1990) (Breyer, J., dissenting);[5] *Neff, supra.*

28. Mendez is therefore a prevailing party under the EAJA.

*The Cost-of-Living Adjustment Index*

■ 29. Finally the Secretary objects to Mendez's use of the Legal Services category, rather than the All Items category, of the Consumer Price Index in calculating the cost-of-living supplement to the attorney's fee award.

30. In *DeWalt v. Sullivan,* 756 F.Supp. 195 (D.N.J.1991), Judge Gerry held that using the Legal Services category was appropriate. This question is now on appeal before the Third Circuit. Pending the court of appeals' decision, the Secretary requests a stay of the final fee computation. Mendez does not object. I believe the more reasonable solution, however, is to follow Judge Fullam's example in *Holloway v. Sullivan,* 1991 WL 125984 1991 U.S.Dist. LEXIS 8924 (E.D.Pa. July 1, 1991), in which he ordered:

> Rather than waiting for the Third Circuit's decision in *DeWalt,* and delay the payment of fees to plaintiff, the court has decided that defendant should immediately pay plaintiff the appropriate fee based on the lower hourly rate. If the Third Circuit holds that the "Other Services" [Legal Services] fee is appropriate, the court, upon proper motion by plaintiff, will reconsider this Memorandum Order accordingly.

31. The Secretary has not objected to the number of hours expended by Mendez's counsel in this case. Counsel's computations are reasonable. The sum of $3,186.14 is the appropriate fee, computed at the lower hourly rate, for the work of Community Legal Services, Inc.

---

**3.** Judge O'Scannlain describes excellently the courts' different approaches to this problem and chooses—correctly, I believe—the "inevitable victory" theory.

**4.** Even the eighth circuit, which held that a plaintiff whose disability benefits are restored following remand under the DBRA is not a prevailing party since his suit was not the catalyst for reinstatement, did not foreclose the award of EAJA attorney fees where plaintiff's

benefits *would* have been restored anyway, because the Secretary had ignored controlling law in terminating them. *See Gowen v. Bowen,* 855 F.2d 613 (8th Cir.1988).

**5.** In *Tucson Medical Center v. Sullivan,* 947 F.2d 971, 982 n. 16 (D.C.Cir.1991), a case about Medicare reimbursement rather than disability benefits, the court of appeals for the D.C. Circuit approved Judge Breyer's reasoning on this prevailing party question.