**Terrance DUNN, et al., Plaintiffs,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 90–124–CMW.**

United States District Court, D. Delaware.

July 17, 1992.

Neilson C. Himelein, Community Legal Aid, Wilmington, Del., for plaintiffs.

William C. Carpenter, Jr., U.S. Atty., Carolyn T. Greene, Asst. U.S. Atty., Wilmington, Del. (Eileen Bradley, Chief Counsel, Region III, Margaret J. Krecke, Asst. Regional Counsel, Dept. of Health and Human Services, Philadelphia, Pa., of counsel), for defendant.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

On February 6, 1991 the Court denied Defendant's motion to dismiss for lack of jurisdiction and improper venue. On February 22, 1991, defendant moved for the Court to alter or amend the February 6, 1991 Order. The Court granted the motion for reconsideration on October 1, 1991 and dismissed the case as the Court found the issues presented to be moot and, thus, the Court lacked jurisdiction.

On December 20, 1991, plaintiffs filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412. On March 30, 1992, the day the parties stipulated to for completion of discovery relating to the plaintiffs' motion for attorney's fees, the defendant filed a motion for a protective order. On the same day, the defendant filed a brief in support of the motion for a protective order and in opposition to the motion for attorney's fees. On April 10, 1992, plaintiff filed their brief in support of their motion for fees and in opposition to the defendant's motion for a protective order. Both parties were contacted by the Court in May, 1992 to determine if reply briefs would be filed, the parties indicated that the outstanding motions could be decided

on the papers presently before the Court. For the reasons stated below, the Court will deny defendant's motion for a protective order and reserve decision on plaintiffs' motion for attorney's fees.

## I. *Background*

The Court assumes familiarity with the background of this case as it appears in the two prior reported opinions. *See Dunn v. Sullivan*, 758 F.Supp. 210 (D.Del.1991) and *Dunn v. Sullivan*, 776 F.Supp. 882 (D.Del. 1991). In summary, the Court granted the defendant's motion to dismiss concluding the Court would not exercise jurisdiction over the plaintiffs' claims as they were rendered moot by the change to administrative procedures instituted by the Secretary. The plaintiff now moves pursuant to the EAJA for attorney's fees for the costs associated with this action.

## II. *Discussion*

■ In relevant part, the Equal Access to Justice Act provides for the payment of reasonable fees and expenses under subsection (d) of section 2412 as follows:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, ... The party shall also allege that the position of the United States was not substantial-

ly justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C.A. § 2412(d). Thus. as a threshold matter, to obtain attorney's fees under this provision the litigant must establish that they are the prevailing party. Only if the Court determines the party seeking fees is the prevailing party must the Court go on to determine whether the position taken by the government was substantially justified.

The plaintiffs claim that they were the prevailing party as their filing of the lawsuit was the catalyst to the Secretary changing the administrative procedures and, thus, provided them with the recovery they initially sought. The government, on the other hand, argues that the plaintiffs were not the prevailing party as the government's motion to dismiss was not a decision on the merits and, thus, the plaintiffs cannot say they were the prevailing party when a motion to dismiss their claim was granted by the Court.

■ The majority of the case law supports the position taken by the plaintiffs in this case. If the plaintiffs are able to prove the filing of their lawsuit was the catalyst to the change of administrative procedures invoked by the defendant then, under the EAJA, the plaintiffs would be entitled to attorney fees to the extent that the fees sought are correlated to the issues that the plaintiffs are found to have prevailed on.

■ As stated in *Public Citizen Health Research Group v. Young*, 909 F.2d 546 (D.C.Cir.1990):

A party need not procure a final judgment on the merits in order to be considered a "prevailing party" for fee-shifting purposes. It is enough that the lawsuit was a "causal, necessary, or substantial factor in obtaining the result" plaintiff sought. This construction of

"prevailing party" is consistent with one of Congress's purposes in enacting EAJA: to compensate plaintiffs who cause the government to conform to the law. Of course there is a limit; the Fourth Circuit has held that a plaintiff who filed suit in a court without jurisdiction cannot recover no matter how effective the suit might have been in changing agency conduct, *Finn v. U.S.*, 856 F.2d 606, 608 (4th Cir.1988), but here we have no such extreme.

*Young*, 909 F.2d at 549 (citations omitted). Thus, if the Court lacks jurisdiction when the suit is filed this will preclude a party from claiming they were the prevailing party within the meaning of the EAJA. In *Finn v. U.S.*, 856 F.2d 606, the Court of Appeals for the Fourth Circuit held:

> [t]he mere filing of a lawsuit is not, as a matter of law, a sufficient catalyst for a plaintiff to be deemed a prevailing party under 28 U.S.C. § 2412(d); if subject matter jurisdiction has not been found to attach when the plaintiff obtains the desired relief, plaintiff's success outside the courtroom cannot be a proper basis for an award of EAJA fees.

*Finn*, 856 F.2d at 608. In *Finn* the Court concluded that the District Court lacked subject matter jurisdiction over the controversy at the time it was filed, thus there were never any grounds for the Court to consider the merits of the case. Unlike *Finn* this Court did have jurisdiction over the controversy at the time it was filed and could have heard the merits of the case had the Secretary not changed his procedures. Thus, at the time the issues became moot, the Court chose not to exercise jurisdiction rather than having a case before it in which jurisdiction was never properly founded. This is particularly obvious in this case where dismissal was granted on reconsideration rather than on initial review of the motion to dismiss. Therefore, the Court finds that this action is not barred from consideration on the basis of the Court lacking jurisdiction.

The Court of Appeals for the First Circuit has explicitly laid out the tests to be employed in determining the ability of a litigant to recover fees pursuant to the EAJA. *Guglietti v. Secretary of Health & Human Services*, 900 F.2d 397 (1st Cir. 1990). After discussing the right of a litigant to recover when they are successful on the merits of the case, the Court turned to the catalyst theory and stated:

> The second path to prevailing party status involves what has come to be known as the "catalyst" test. *See Exeter–West Greenwich [Regional School District v. Pontarelli]*, 788 F.2d [47] at 50 [ (1st Cir.1986) ]. As Judge Coffin explained in a landmark case, "when plaintiff's lawsuit acts as a 'catalyst' in prompting defendants to take action to meet plaintiff's claims, attorney's fees are justified [under a fee-shifting law] despite the lack of judicial involvement in the result." *Nadeau [v. Helgemoe]*, 581 F.2d [275] at 279 [ (1st Cir.1978) ]. A fee-seeker's access to the catalyst anodyne demands that she vault two hurdles en route to prevailing party status, showing (1) a causal connection between the litigation and the relief obtained, and (2) that the fee-target did not act gratuitously. *Id.* at 280–281. Here, the first hurdle is too high (and so, we do not reach the second).
>
> To be regarded as a catalyst, a suit need not be the sole cause of the fee-target's actions, but it must be a competent producing cause of those actions in at least some measurable, significant degree:
>
> > [N]o award is required if the court determines that plaintiff's suit was completely superfluous in achieving the improvements undertaken by defendants on plaintiff's behalf.... [T]he plaintiff's suit ... [must be] a necessary and important factor in achieving the improvements ...
>
> *Id.; see also Coalition for Basic [Human] Needs [v. King]*, 691 F.2d [597] at 599 [ (1st Cir.1982) ] (same). Put another way, the litigation's "provocative role" in the calculus of relief is a sine qua non to the fee-seeker's successful deployment of the theorem. (citation omitted).

*Guglietti*, 900 F.2d at 401. In *Guglietti* the Court concluded that the litigant could not meet the first threshold (showing a

causal connection) as Congress had ordered a change in the Secretary's procedures. Thus, the Court found that regardless of the number of suits filed it could not be said that there existed a causal connection between the filing of the lawsuits and the action taken by Congress.[1] Here, however, there was no action taken by Congress, rather sometime following the filing of this action the Secretary chose to alter the procedures used by the department. Thus, the Court finds that the plaintiffs are not barred from proving their action was the catalyst to the change in procedures.

The decision of the Court today in no way establishes that the plaintiffs are, in fact, entitled to attorney fees. Only upon a showing of a causal connection between the filing of the lawsuit and the change in the operating procedures will any relief pursuant to the EAJA be available. Further, only if the government is unable to establish that the position they took was not substantially justified will an award of fees be made. As well, it is reserved for later decision the extent to which the plaintiffs are entitled to relief, if at all, based upon the success they achieved and correlation with the time spent on those issues. As a result, it is too early for the Court to determine whether the plaintiffs are the prevailing parties or not, absent further documentation which the Court believes can be obtained, if at all, through the discovery request served by the plaintiffs on the defendant.

■ Finally, the Court is wholly unpersuaded by the government's argument for a protective order. While it is true that this Court does not wish to create a second litigation when a request for attorney's fees is before it, neither can the Court preclude a plaintiff from obtaining the necessary information to establish that their filing of a lawsuit acted as a catalyst to the Secretary's change in procedures. Only by permitting the plaintiff in this case some inquiry into the circumstances as they existed can the Court decide whether the plaintiff was the prevailing party. *See Ross v. Horn,* 598 F.2d 1312, 1322 (3d Cir. 1979), *cert. denied Horn v. Ross,* 448 U.S. 906, 100 S.Ct. 3048, 65 L.Ed.2d 1136 (1980). Further, the Court finds that the discovery requests are relevant to the issue before it and are not unduly burdensome, thus the defendant will respond to the discovery request submitted by the plaintiffs.

### III. *Conclusion*

For the reasons stated above, the plaintiffs' motion for attorney's fees remains under advisement and the defendant's motion for a protective order is denied. The defendant will respond to the discovery request of the plaintiffs by August 17, 1992 and the parties shall file supplemental briefs on the motion for attorney's fees as follows: (1) Plaintiffs' opening brief shall be filed by August 31, 1992; (2) Defendant's answering brief shall be filed by September 15, 1992; and (3) Plaintiffs' reply brief shall be filed by September 22, 1992. An order consistent with this opinion will issue.

---

**1.** A district court for the Eastern District of Pennsylvania recently decided that even in a case like *Guglietti,* where congressional action intervened to provide the relief sought by a litigant, the plaintiff could still be considered the prevailing party and be entitled to attorney's fees. *Mendez v. Sullivan,* 792 F.Supp. 375, (E.D.Pa.1992). In so deciding, the Court recognized the Third Circuit Court of Appeals approval of the catalyst theory of recovery in actions brought under the EAJA. *Id. citing Institutionalized Juveniles v. Sec. of Pub. Wel.,* 758 F.2d 897, 910 (3d Cir.1985); *Sullivan v. Commonwealth of Pennsylvania Dep't of Labor and Industry,* 663 F.2d 443, 452 (3d Cir.1981).