United States Court of Appeals,

Fifth Circuit.

Nos. 93-3096, 93-3139

Summary Calendars.

Jerry MILTON, Plaintiff-Appellant,

v.

Donna E. SHALALA, Secretary, Department of Health and Human Services, Defendant-Appellee.

Hopsey READO, Plaintiff-Appellant,

v.

Donna E. SHALALA, Secretary, Department of Health and Human Services, Defendant-Appellee.

April 5, 1994.

Appeals from the United States District Court for the Middle District of Louisiana.

Before DAVIS, JONES, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Jerry Milton and Hopsey Reado appeal from the judgments of the district court denying their petitions for attorneys' fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C.A. § 2412(d) (West Supp.1993). Agreeing with the magistrate judge and the district court that Appellants are not prevailing parties for purposes of EAJA, we affirm.

While Appellants were seeking judicial review of denial of their social security disability benefits, Congress enacted the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98-460, 98 Stat. 1794 (1984) (codified as amended in scattered sections of 42 U.S.C.). The Reform Act mandated that then pending

1

judicial actions be remanded to the Secretary of Health and Human Services for reconsideration under a new standard set forth in the Reform Act for determining whether disability benefits should be terminated. The Reform Act, § 2(d)(2), 42 U.S.C.A. § 423 note at 436-37 (West 1991). Appellants' actions were so remanded upon motions of the Secretary. On remand both Appellants were awarded continuing benefits under the new standard. They then petitioned for attorneys' fees pursuant to EAJA, claiming that they were "prevailing parties" in their litigation with the Secretary.

The sole issue before us is whether Appellants are entitled to costs and attorneys' fees pursuant to EAJA as "prevailing parties" in their civil actions.[1] A party prevails by succeeding on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278-79 (1st Cir.1978)). Some circuit courts have concluded that fees should be awarded a claimant who obtains benefits in a case remanded under the Reform Act either because his law suit played a role in causing the reinstatement of benefits or because he would have won in district court if his claim had not been remanded. We have not previously addressed this issue. We examine each of these

---

[1] 28 U.S.C. § 2412(d)(1). A party is entitled to fees under EAJA if four separate requirements are met: 1) it is the prevailing party, 2) it files timely fee application, 3) the position of the government was not substantially justified, and 4) no special circumstances make an award unjust. 28 U.S.C.A. § 2412(d). This case is decided under the first requirement.

rationales in turn.

*The "Necessary Cause" Theory:  Did the Law Suits Cause Appellants' Victory?*

The Sixth Circuit has held that such a claimant's law suit was a necessary cause of the favorable redetermination of the claimant's rights, providing a catalyst for the restoration of benefits.  *Perket v. Secretary of Health & Human Servs.,* 905 F.2d 129, 134-35 (6th Cir.1990) (alternative holding).  Recognizing that Perket's judicial action was necessary for the remand, the court found a sufficient link between the litigation and the restoration of benefits to justify characterizing the claimant as a party succeeding in litigation.  *Id.* at 135.  This rationale has also been called the "but for" causation theory.

Perket's case (like Appellants' cases) was remanded under the Reform Act.  His suit was indeed necessary to his eventual receipt of benefits:  had the suit appealing the agency action not been pending when the Reform Act was enacted, the final agency decision denying benefits would have been res judicata.  *See* Reform Act, § 2(d)(2), 42 U.S.C.A. § 423 note at 436-37 (West 1991) (providing for remand to the Secretary for redetermination under the new standard if judicial review was pending on September 19, 1984);[2] *Perket,* 905 F.2d at 135 (res judicata bars redetermination if Secretary's final decision is not challenged via judicial review)

---

[2]The remands of Appellants' judicial actions were ordered because the actions were pending on the date specified in the Reform Act.  We express no opinion on the correctness of *Rhoten v. Bowen,* 854 F.2d 667, 669-70 (4th Cir.1988), in which claimants had obtained court-ordered remands prior to the passage of the Reform Act.

(citing *Bullyan v. Heckler,* 787 F.2d 417, 420 (8th Cir.1986)).

Though the suits are a necessary cause of Appellants' success, we do not think their suits are a sufficient cause of success to characterize the Appellants as prevailing parties. Rather, we agree with *Guglietti v. Secretary of Health & Human Services,* 900 F.2d 397 (1st Cir.1990), and *Hendricks v. Bowen,* 847 F.2d 1255 (7th Cir.1988). "[T]he mere obtaining of a remand directed by Congress is not reflective of success on any issue in plaintiff's suit.... Certainly, the mere temporal coincidence between passage of the Reform Act and the pendency of [a claimant's] appeal, standing alone, seems too frail a link between bottom-line success and litigation." *Guglietti,* 900 F.2d at 400; *accord Hendricks,* 847 F.2d at 1259 (Easterbrook, J., concurring) ("If the award sprang from new legal standards then [the claimant] was a fortuitous beneficiary, and serendipity is not a reason for rewarding lawyers.").

The majority in *Hendricks* also rejected the hypertechnical argument that "but for" causation was adequate to show a sufficient causal connection between the litigation and the favorable redetermination of benefits. *Hendricks,* 847 F.2d at 1258. *Hendricks* concluded that the "proximate cause of [the claimant's] victory was the congressional enactment of a standard under which he was entitled to relief." *Id.* The court recognized that the reason for reinstatement of benefits was not that the Secretary realized that he was wrong or decided to compromise, but rather that "Congress mandated reconsideration of all such currently

4

pending claims under a newly enacted standard." *Id.; accord Petrone v. Secretary of Health & Human Servs.,* 936 F.2d 428, 430 (9th Cir.1991) (claimant "did not win reinstatement in the courtroom; she won because Congress changed the law."), *cert. denied,* --- U.S. ----, 112 S.Ct. 1161, 117 L.Ed.2d 409 (1992); *Guglietti,* 900 F.2d at 400 ("but for" argument confuses a *condition* of recovery with a *cause* of recovery); *Shepard v. Sullivan,* 898 F.2d 1267, 1272 (7th Cir.1990) (change in governing law causing Secretary to change his initial determination breaks the chain of causation and deprives plaintiff of prevailing party status); *Truax v. Bowen,* 842 F.2d 995, 997 (8th Cir.1988) ("but for" argument does not establish causal connection between litigation and Secretary's remedial action). In the present cases the Appellants won because of a change in the law; we therefore reject their argument that they prevailed because of their law suits.

*The Catalyst Theory: Did the Suits Cause the Law to Change?*

A second causation theory rationalizing a fee award under EAJA is the "catalyst" theory. This theory recognizes that though a claimant may not succeed in court if a settlement or remedial action renders the law suit moot, he may nevertheless be considered a prevailing party if his law suit was a catalyst in attaining remedial action. For example, as *Perket* recognized, some courts have considered that a claimant's law suit was a catalyst in prompting Congress to provide the desired relief by enacting the Reform Act. *Perket,* 905 F.2d at 134 (citing *Vitale v. Secretary of Health & Human Servs.,* 673 F.Supp. 1171, 1177 (N.D.N.Y.1987)); *see*

5

*also Robinson v. Bowen,* 679 F.Supp. 1011, 1014 (D.Kan.1988) (claimant's suit and thousands like it directly contributed to Congress' passing the Reform Act), *aff'd per curiam,* 867 F.2d 600 (10th Cir.1989).

The mere possibility that Congress acted because of an individual claimant's suit (or reacted to a large number of similar suits) is too speculative in our view considering the many influences upon members of Congress in casting their votes. We agree with the cases that have refused to credit the change in law to a claimant's individual law suit and found the nexus between Congress's action and the law suit too attenuated. *E.g., Petrone,* 936 F.2d at 430; *Guglietti,* 900 F.2d at 401-02; *Hendricks,* 847 F.2d at 1258; *Truax,* 842 F.2d at 997.

*The "Inevitable Victory" Theory: If Merits Had Been Reached*

*Perket* also held that the claimant was the prevailing party because of his "inevitable victory." *Perket,* 905 F.2d at 133 (alternate holding). Under this theory, the court surmised that, absent the fortuitous passage of the Reform Act and the remand it compelled, the claimant's benefits would have been restored by the district court. *Id.; see also Hendricks,* 847 F.2d at 1260-61 (Easterbrook, J., concurring) (claimant should recover fees under EAJA if he would have prevailed in quest for benefits and recovered fees had the Reform Act never existed).

We reject this argument because of its "essential fallacy" of confusing two separate requirements for imposition of fees under EAJA, namely, that the private litigant prevail and that the

6

government's position lack substantial justification.[3]    *See Guglietti,* 900 F.2d at 402.  "Divining hypothetical error is in our estimation more properly to be considered on the "substantial justification' furculum of the standard.  Using it to overcome the prevailing party hurdle double counts and also blurs the distinction between the two prongs in a way which frustrates Congress' careful draftsmanship."  *Id.*  Where an intervening change in the law and not the litigation causes the award, we need not inquire into whether the claimant would have prevailed under the old standards to determine whether the claimant is a prevailing party.  *See Shepard,* 898 F.2d at 1273.  Because Appellants are not prevailing parties, we do not review the relative merits of the parties' litigation positions.

We conclude that the filing of the complaints in these cases was necessary but not sufficient for the favorable redetermination of Appellants' benefits.  The enactment of the Reform Act was the real reason for the awards on remand.  We also reject Appellants' contentions that their law suits prompted remedial action by Congress.  The purpose of EAJA is to encourage private litigants to seek review of unreasonable government conduct or to vindicate

---

[3]This confusion is manifest in *Gowen v. Bowen,* 855 F.2d 613 (8th Cir.1988).  The district court had denied fees under the "substantial justification" element of EAJA.  *See id.* at 615. After finding error in the district court's application of the "substantial justification" test, *id.* at 616-17, the Eighth Circuit confused the two tests by noting that the claimant was a "prevailing party" simply because the district court "would have found" the Secretary's position to be without substantial justification if it had reached the merits of the claimant's action.  *Id.* at 617 n. 3.

their rights by challenging agency action that they would otherwise comply with to avoid litigation costs.  *Herron v. Bowen,* 788 F.2d 1127, 1129 (5th Cir.1986).  Rewarding private parties for being the fortuitous beneficiary of a change in statutory rights does not meet that purpose.

AFFIRMED.