United States Court of Appeals,

Fifth Circuit.

No. 96-20616.

Norma J. SQUIRES-ALLMAN, Plaintiff-Appellee,

v.

John J. CALLAHAN, Acting Commissioner of Social Security, Defendant-Appellant.

July 30, 1997.

Appeal from the United States District Court for the Southern District of Texas.

Before JOLLY, DUHÉ and EMILIO M. GARZA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The Commissioner of Social Security appeals an award of attorney's fees to Norma J. Squires-Allman. The Commissioner contends that Allman was not a prevailing party in the underlying litigation, and therefore is not entitled to collect attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Although Allman was granted certain prospective benefits on a remand from the district court, we agree that Allman was not a prevailing party for the purposes of the EAJA. We therefore reverse the award of fees.

I

Allman filed an application for Supplemental Security Income ("SSI") on September 26, 1990, contending that she has become disabled beginning in February 1989. Her application was denied in April 1991, and she was again denied benefits after a rehearing in November 1991. These determinations did not identify whether Allman was capable of performing light, medium, or strenuous work. Instead, they simply stated that her medical "condition [was] not severe enough to keep [her] from working."

After the administrative determination, Allman filed a hearing request on March 9, 1992, well after the sixty-day deadline for such requests had passed. An administrative law judge ("ALJ") dismissed this request after finding that there was no good cause to excuse Allman's tardy filing. Thereafter, Allman filed a complaint in the district court, maintaining that this dismissal of her request

for a hearing violated her right to due process. Before the district court ruled on this complaint, however, the Commissioner moved to remand the case to the agency for further proceedings. The district court granted this unopposed motion.

On remand, an ALJ found that Allman was capable of performing a level of "medium" work activity. Based on this finding, Allman was again denied benefits. On appeal, however, the Appeals Council reversed the ALJ on this point and held in an April 10, 1996 ruling, that she only had the capacity to do "light" work. This determination had the effect of rendering Allman legally disabled as of November 1992, because on that date she had reached her 55th birthday, thereby qualifying under Social Security regulations as a claimant entitled to benefits. *The Appeals Council, however, expressly found that she was not entitled to benefits for any time before November 1992.*

Contending that she was the prevailing party in the litigation, Allman filed a motion to recover attorney's fees under the EAJA. The district court granted this motion, awarding over $16,000 in fees. The Commissioner appeals, arguing that Allman is not a prevailing party, and therefore is not entitled to recover attorney's fees.

II

A

We review a fee award under the EAJA for abuse of discretion. *Spawn v. Western Bank-Westheimer,* 989 F.2d 830, 839 (5th Cir.1993), *cert. denied,* 510 U.S. 1109, 114 S.Ct. 1048, 127 L.Ed.2d 371 (1994). Underlying findings of fact are reviewed for clear error. *Id.* Underlying conclusions of law, however, are reviewed *de novo. Id.* Allman may recover fees under the EAJA only if she is the "prevailing party" in this litigation.[1] A party prevails by succeeding on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."

_____

[1]There are additional requirements that a party must meet in order to collect attorney fees. In sum, a party is entitled to recover attorney's fees under the EAJA if four requirements are met: 1) it is the prevailing party, 2) it files a timely fee application, 3) the position of the government was not substantially justified, and 4) no special circumstances make an award unjust. 28 U.S.C. § 2412(d); *Milton v. Shalala,* 17 F.3d 812 (5th Cir.1994).

*Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).[2]

We conclude that Allman did not prevail on any significant issue in the litigation for which she seeks fees. Although Allman ultimately received *prospective* Social Security benefits, the Commissioner has never contested her right to these benefits; in short, Allman "prevailed" on a claim has never been the subject of litigation.

In the civil litigation, Allman challenged a November 1991 denial of SSI benefits for the period beginning in February 1989. Ultimately on remand, the Appeals Counsel expressly found that she was not entitled to any benefits before November 1992. Thus, Allman was denied all benefits that were contested in the civil litigation. She has not appealed that denial any further. Therefore, Allman has not prevailed as to the claim that she litigated.

B

Nor is there sufficient causal connection between the ultimate grant of benefits and the litigation to transpose her status into a "prevailing party" for EAJA purposes. The award of benefits must result from civil litigation. 28 U.S.C. § 2412(d)(1)(A). It is true that the award of prospective benefits came after the case was remanded from the district court. It is also true that, on remand, the Appeals Counsel reversed the ALJ's finding of medium work capacity and determined that Allman was only qualified for light work. It is not disputed that the finding of light work had the synergistic effect, when combined with the attainment of 55 years, to qualify Allman for prospective benefits. The ultimate finding of light work, however, did not reverse the Social Security Administration order denying benefits that was the subject of the litigation; that order did not identify the level of work

---

[2]In *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 2631-32, 125 L.Ed.2d 239 (1993), the Supreme Court held that a Social Security claimant prevails when her case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g), which applies when the district court enters "a judgment ... reversing the decision of the Secretary ... [and] remanding the cause for a rehearing." In this case, however, the remand was issued under the sixth sentence of Section 405(g), whereby the district court may issue a remand when the Secretary requests one before answering the complaint.

One does not become a prevailing party merely because the Secretary's request for a remand is granted under sentence six. Instead, the party must actually succeed in receiving some substantial benefit that was sought in the original appeal because of the remand. *See Milton,* 17 F.3d at 813-14.

Allman was capable of performing because whether Allman could do light or medium work was not a determinative issue in that proceeding. With respect to the finding of light work, therefore, Allman has demonstrated only that she had succeeded in reversing an interim ruling in the internal process of the agency. Indeed, the agency ultimately ruled for her—that she was capable of only light work. Consequently, she has not prevailed against the position of the Social Security Administration in achieving the benefits that it has granted her.

C

Moreover, the critical factor that caused Allman to ultimately receive benefits was an ineluctable and involuntary change of conditions—her attaining the age of 55. In *Milton v. Shalala,* we held that a person is not a prevailing party when an intervening change in the law, and not the litigation, causes a party to receive an award. *Milton,* 17 F.3d 812. This is true even if the ultimate award would not have been possible but for the litigation. We recognized that the "purpose of EAJA is to encourage private litigants to seek review of unreasonable government conduct or to vindicate their rights by challenging agency actions that they would otherwise comply with to avoid litigation costs." *Id.* at 815; *see also, Herron v. Bowen,* 788 F.2d 1127, 1129 (5th Cir.1986).

The reasoning in *Milton* applies with equal force when benefits are ultimately received because of a change in an applicant's age or medical condition. To receive attorney's fees, Allman must show that she received benefits because the agency's erroneous decision or conduct was corrected as a result of civil litigation. Here the denial of benefits to Allman has not been shown to be erroneous; it was, in fact, ultimately upheld and not appealed.

III

In sum, we conclude that Allman was not a prevailing party. She is not entitled to attorney's fees.[3]

---

[3]Our decision today is consistent with the Eighth Circuit's holding in *Swedberg v. Bowen,* 804 F.2d 432 (8th Cir.1986). In *Swedberg,* the claimant, who was under 55, was denied benefits on October 8, 1992, after the Commissioner determined he could perform light work. Swedberg appealed to the district court, which remanded the case. On remand, a second ALJ reaffirmed the prior decision that Swedberg could perform light work, but found that he became disabled as of October 17, 1982—the date on which Swedberg turned 60. The Eighth Circuit denied Swedberg's request for attorney's fees, concluding that a claimant "must obtain those benefits

The judgment of the district court is therefore

REVERSED.

---

which he sought on the original appeal to the district court." *Id.* at 434.