**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-60033**
**Summary Calendar**
_____


**JOE F. BOEHMS,**

                                    **Plaintiff-Appellee,**

                              **versus**

**CRAVEN CROWELL, in his official capacity as a member of the Board**
**of Directors of the Tennessee Valley Authority; BILL KENNOY, in**
**his official capacity as a member of the Board of Directors of**
**the Tennessee Valley Authority; JOHNNY HAYES, in his official**
**capacity as a member of the Board of Directors of the Tennessee**
**Valley Authority,**

                                    **Defendants-Appellants.**

_____

Appeal from the United States District Court
for the Northern District of Mississippi, Eastern Division
Civil Docket # 1:94-CV-21-JAD
_____
September 21, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Defendants-appellants Craven Crowell, Bill Kennoy, and Johnny

Hayes ("defendants"), all members of the Board of Directors of the

Tennessee Valley Authority, appeal the award of attorney's fees to

Joe F. Boehms ("Boehms") under the Equal Access to Justice Act

_____

     [*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

("EAJA"), 28 U.S.C. § 2412(b). This court initially denied an award of attorney's fees under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a (1994), but remanded this case to the magistrate judge for a determination whether an attorney's fees award may stand under the EAJA. Boehms v. Crowell, 139 F.3d 452, 463 (5th Cir. 1998), *cert. denied*, 525 U.S. 1102 (1999). On remand, the magistrate judge awarded attorney's fees and costs in the amount of $13,072.45. The defendants appeal this award.

The defendants argue that Boehms' fee petition should be denied because: 1) Boehms did not specifically plead the EAJA as a basis for the recovery of attorney's fees in the complaint; 2) the attorney's fee claim is barred by the pretrial order; and 3) the magistrate judge's decision to deny defendants' motion to strike and to grant Boehms' petition for attorneys' fees and costs was an abuse of discretion. Having carefully reviewed the briefs and record excerpts, this court finds that the court did sufficiently follow our previous instruction on remand.

First, the defendants assert that Boehms' attorney's fee request may not stand under the EAJA because he did not plead it specifically as a basis for a recovery in his complaint. They disagree with the magistrate judge's determination that Boehms' "failure to specifically plead for attorney's fees under the EAJA does not bar his recovery since there is generally recovery for attorney fees under the ADEA." This point is less than meritless.

We raised consideration of the EAJA *sua sponte* in our first review. <u>Boehms</u>, 139 F.3d at 463 ("EAJA enables trial courts to award attorney's fees against the federal government in ADEA cases."). By remanding the case to the magistrate for a determination of the attorney fee award under the EAJA, we implicitly decided that it was unnecessary for the plaintiff to have pled this claim specifically in his complaint. On a second appeal following remand, the scope of our review is limited to whether the court below reached its decision "in due pursuance of our previous opinion and mandate." <u>Burroughs v. FFP Operating Partners</u>, 70 F.3d 31, 33 (5th Cir. 1995).

Defendants also contend that Boehm's request for attorney's fees under the EAJA should have been denied either because of his failure to show good cause or to exercise due diligence by not focusing on the EAJA in his initial pleadings or because he waived this claim by not asserting it in the agreed pretrial order. We agree with Boehms that the defendants' arguments are irrelevant to this appeal. Consideration of the EAJA claim was in accordance with our instruction.

Finally, the defendants argue that the magistrate judge's denial of defendants' motion to strike Boehms' petition for attorneys' fees and costs was an abuse of discretion. Defendants contend that the court abused its discretion by failing to make any findings regarding their motion to strike Boehms' untimely fee

petition. After the magistrate judge granted Boehms three extensions of time to file his petition for attorneys' fees, Boehms still filed one of his Statements two days out of time, and the second four days out of time. Defendants also contend that the court abused its discretion by awarding the fees despite Boehms' failure to comply with the substantive provisions of Uniform Local Rule 54.2(B)(3), including consideration of the 12 factors set out in the Rule "relating to the determination of a reasonable allowance."

We review fee awards under the EAJA for abuse of discretion. <u>Squires-Allman v. Callahan</u>, 117 F.3d 918, 920 (5th Cir. 1997). "[A] party is entitled to recover attorney's fees under the EAJA if four requirements are met: 1) it is the prevailing party, 2) it files a timely fee application, 3) the position of the government was not substantially justified, and 4) no special circumstances make an award unjust." <u>Squires-Allman</u>, 117 F.3d at 920; 28 U.S.C. S 2412(d). The court adequately complied with our direction on remand. In its Order Granting Attorney Fees, the court stated that, "there is no sound policy reason for denying the award of attorney fees against the government." In its final order awarding fees, the court stated that "[i]n an effort to resolve this fee issue and conclude the case, the $24,389 sought by the plaintiff for attorney fees will be reduced by 50% to account for the unsuccessful portions of plaintiff's case." Based on the trial court's review of the

-4-

parties' briefs concerning attorneys' fees and its familiarity with the background of the case, it had sufficient information to determine whether and how much to award in fees and costs. The court did not abuse its discretion in entering a very modest fee award.

For these reasons, the judgment is <u>AFFIRMED</u>.