United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50139
Summary Calendar
_____

GABRIEL CONTRERAS,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-227-SS
---------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

     Gabriel Contreras appeals the district court's denial of his petition for attorney's fees following the remand of his case to the Social Security Commissioner for further proceedings. The district court determined that Contreras's attorney had filed a semi-standard brief in the district court that did not address the issue for which the case was remanded and that an award of attorney's fees would be unjust. Our review of the record reveals that the district court's denial of Contreras's petition

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for attorney's fees was not an abuse of discretion.  See State of La., ex rel. Guste v. Lee, 853 F.2d 1219, 1221, 1224 (5th Cir. 1988); see also Hensely v. Eckehart, 461 U.S. 424, 435 (1983); U.S. v. 27.09 Acres of Land in Town of Harrison, 43 F.3d 769, 773-74 (2d Cir. 1994).  Contreras's attorney did not brief the issue that served as the basis for the remand and the attorney's efforts did nothing more than to keep Contreras's case alive. The attorney's fees were thus expended "efforts that achieved no appreciable advantage;" the attorney "made no contribution" to the claim upon which Contreras's case was remanded; and the attorney is not entitled to fees for simply keeping the case alive to allow for the district court to reverse and remand the ALJ's decision based upon a case to which the attorney drew no attention and which may no longer require remand.  27.09 Acres, 43 F.3d at 773; see Milton v. Shalala, 17 F.3d 812, 814 (5th Cir. 1994); see also Frank v. Barnhart, 326 F.3d 618, 619 (5th Cir. 2003).  The Court AFFIRMS the denial of the petition for attorney's fees.