Joseph **CHILDS** (Deceased), Plaintiff,

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.**

**Civil Action No. 01–4266.**

United States District Court,
E.D. Pennsylvania.

March 4, 2004.

---

Michael Patrick Boyle, Philadelphia, PA, for Plaintiff.

Nicholas R. Cerulli, Social Security Administration Office of the General Counsel, Philadelphia, PA, for Defendant.

### MEMORANDUM

ROBERT F. KELLY, Senior District Judge.

Before this Court is Plaintiff's Application for Attorney Fees against the Commissioner of the Social Security Administration ("Commissioner") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).[1]  Also before the

Court is the Defendant's Motion to Deny Plaintiff's Petition.  For the reasons that follow, Defendant's Motion will be granted and Plaintiff's Application will be denied.

### I. BACKGROUND

Plaintiff filed applications for Supplemental Security Income ("SSI") benefits on February 22, 1999 and protectively on December 20, 1999, alleging disability due to a lower back injury and pain, depression and hypertension.  The Social Security Administration ("SSA") denied Plaintiff's claims for benefits, as well as his request for reconsideration of the later application.  After the denial of reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  Plaintiff received a hearing before ALJ Diane Moskal.  Following the hearing, on June 25, 2001, ALJ Moskal found that Plaintiff was not entitled to receive benefits.

On August 30, 2001, Plaintiff initiated the instant action seeking review of the Commissioner's decision.  In response to Plaintiff's Complaint, the Commissioner filed a Motion to Remand with respect to Plaintiff's SSI claim based upon his application of December 20, 1999.  The Commissioner sought remand for the purpose of updating the medical record.  On January 9, 2002, the Court granted the Commissioner's Motion to Remand, and remanded the case to the Commissioner for further administrative action.[2]

On remand, the case was once again assigned to ALJ Moskal, who held a hear-

---

1.  Plaintiff died during the pendency of the instant litigation.  The Application for Attorney Fees states that Plaintiff, by his attorney, Michael Patrick Boyle, Esq., makes application to the Court for an award of attorney fees.  (See Pl.'s Mem. Law at 1).  The Court is uncertain about the legitimacy of Plaintiff's counsel bringing the action, as opposed to a qualified substitutable party.  Nevertheless, the Court will not address this issue because

Plaintiff's Application for Fees is denied on an alternative ground.

2.  The Court's remand was issued pursuant to the sixth sentence of 42 U.S.C. § 405(g), otherwise known as a sentence six remand.  "In a sentence six remand, the Court makes no finding as to the correctness of the administrative ruling, but remands for consideration of new evidence."  Dennis v. Sullivan, No.

ing on May 16, 2002. By a June 28, 2002 decision, ALJ Moskal found that Plaintiff was not entitled to receive benefits. Plaintiff appealed ALJ Moskal's decision to the Social Security Administration Appeals Council ("Appeals Council"). In a decision dated June 14, 2003, the Appeals Council upheld ALJ Moskal's decision and denied Plaintiff's appeal. While awaiting action by the Appeals Council, Michael Patrick Boyle, Esq. was informed of Plaintiff's death on April 17, 2003. On September 30, 2003, the Commissioner filed a Motion to Dismiss the instant action because Plaintiff left no survivor eligible to collect any SSI benefits to which he may have been entitled. Plaintiff's counsel did not oppose Defendant's Motion. On October 21, 2003, the Court entered an Order dismissing the case. On November 21, 2003, Plaintiff's counsel filed the instant Application for Attorney Fees under the EAJA. Defendant filed her Motion to Deny Plaintiff's Petition on January 22, 2004.

## II. *DISCUSSION*

Plaintiff's Application for Attorney Fees is based upon the EAJA, 28 U.S.C. § 2412(d)(1)(A). The EAJA provides, in pertinent part, as follows:

> a court shall award to a **prevailing party** other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A)(emphasis added). "Thus, as a threshold matter, to ob-

tain attorney's fees under this provision the litigant must establish that they are the prevailing party." *Dunn v. Sullivan,* 794 F.Supp. 133, 135 (D.Del.1992). "Only if the Court determines the party seeking fees is the prevailing party must the Court go on to determine whether the position taken by the government was substantially justified." *Id.* Plaintiff's counsel does not address the threshold requirement of prevailing party status, but, instead, argues that he is entitled to attorney's fees because "Plaintiff had substantial grounds for filing an appeal to this court and would have prevailed on the merits had he lived." (Pl.'s Mem. Law at 3). Defendant argues that Plaintiff is not entitled to attorney fees because he was not a prevailing party for EAJA purposes.

■ Under the EAJA, there are two tests for determining whether a plaintiff is a prevailing party. *Mendez v. Sullivan,* 792 F.Supp. 375, 378 (E.D.Pa.1992). The first test is whether the litigant "achieved 'some of the benefit sought ... [in] bringing the suit.'" *Id.* (quoting *Institutionalized Juveniles v. Sec. of Pub. Wel.,* 758 F.2d 897, 910 (3d Cir.1985)). The second test is whether "plaintiff's litigation 'constituted a material contributing factor in bringing about the events that resulted in the obtaining of the desired relief.'" *Id.* (quoting *Institutionalized Juveniles,* 758 F.2d at 916). In the instant case, Plaintiff's counsel has not established that Plaintiff was a prevailing party under either test.

■ Regarding the first test, Plaintiff did not achieve any of the benefit that he sought in bringing his suit.[3] The remand

---

90–7738, 1992 WL 165811, at *1 (E.D.Pa. June 12, 1992) (citation omitted). "This type of remand is only available upon request by the Secretary." *Id.* (citation omitted).

**3.** While Plaintiff's case was remanded for further administrative proceedings, this sentence

six remand does not qualify Plaintiff as a prevailing party under the EAJA. "One does not become a prevailing party merely because the Secretary's request for a remand is granted under sentence six." *Squires–Allman v. Callahan,* 117 F.3d 918, 920 n. 2 (5th Cir. 1997). "Instead, the party must actually suc-

for further administrative proceedings in Plaintiff's case resulted in his claims for benefits being denied for a second time. This second denial was upheld by the Appeals Council. Subsequently, Plaintiff's instant action was dismissed by this Court as a final judgment. Thus, it is clear that Plaintiff is not a prevailing party as the term is defined under the first test. In light of the aforementioned, it is also clear that Plaintiff is not a prevailing party pursuant to the second test. Since Plaintiff did not obtain any benefit or relief that he sought, his litigation did not constitute a material contributing factor in bringing about any events that resulted in the obtaining of his desired relief.

Plaintiff's counsel neither argues, nor shows, that any benefit or desired relief was obtained by Plaintiff. Counsel merely states that Plaintiff had substantial grounds for his lawsuit and would have prevailed on the merits had he lived. Such argument does not satisfy the burden on Plaintiff, or in this case Plaintiff's counsel, to establish the threshold requirement of prevailing party status. Since it has not been established that Plaintiff was a prevailing party for EAJA purposes, the threshold prerequisite to recovery under the EAJA has not been met. Thus, the Court grants Defendant's Motion to Deny Plaintiff's Petition. Consequently, Plaintiff's Application for Attorney Fees is denied.

An appropriate Order follows.

### ORDER

**AND NOW,** this 4th day of March, 2004, upon consideration Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act and Defendant's Motion to Deny Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act, it is hereby **ORDERED** that:

1. Defendant's Motion to Deny Plaintiff's Petition (Doc. No. 17) is **GRANTED** and

2. Plaintiff's Application for Attorney Fees (Doc. No. 16) is **DENIED.**

---

ceed in receiving some substantial benefit that was sought in the original appeal because of the remand." *Id.* (citation omitted); *see also, Bodner v. Sullivan,* 804 F.Supp. 23, 30 n. 2 (N.D.Cal.1992)(stating that "[i]t is well settled that in order to be a 'prevailing party' in a Social Security case, a remand for additional administrative proceedings is not enough");

*Cortez v. Callahan,* No. 94–1100, 1998 WL 30006, at *2 (N.D.Cal. Jan.5, 1998)(finding that in order to be a prevailing party in a sentence six remand case, "plaintiff, because of the remand, must actually succeed in receiving some substantial benefit that was sought in the original appeal").